THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* " JOHN DOE " and " RICHARD ROE," Defendants.
LEO P. BYK, Appellant.

Second Department, March 24, 1936.

*William Weisman,* for the appellant.

*Hiram C. Todd, Special Assistant Attorney-General [John J. Bennett, Jr., Attorney-General,* with him on the brief], for the respondents.

PER CURIAM.   A grand jury is in session in Kings county at an Extraordinary Special and Trial Term of the Supreme Court, appointed by the Governor, for the purpose of inquiry of any unlawful acts by, and the trial of any persons, (a) in connection with the death of one Samuel Drukman; (b) in connection with or in relation to the investigation, examination, apprehension, prosecution, indictment, arraignment, trial, judgment or commitment of certain persons who committed or are alleged to have committed any unlawful or alleged unlawful act in connection with the death of said Drukman; (c) in connection with any and all grand jury inquiries and proceedings had in the County Court of Kings county, or any other court, concerning or relating to the death of said Drukman.

It appears that the matter of the death of Drukman was presented to the April, 1935, grand jury in Kings county, which failed to indict the persons charged therewith; that those persons were subsequently indicted by the extraordinary grand jury, brought to trial, and found guilty of murder in the second degree.   It is asserted that there was corruption in connection with the proceedings of said April, 1935, grand jury; that three persons have already been indicted for alleged crimes in that connection.

It is conceded that while the April, 1935, grand jury was functioning, an assistant district attorney, who was officially in attendance upon that body, received a $2,000 check from one Byk.   The latter had theretofore been convicted of two crimes, for one of which, a felony, he had been pardoned.

In behalf of Byk it is represented that the check transaction was legitimate, being a payment on account of a loan to Byk by the assistant district attorney in December, 1934.   There is no direct proof that Byk bribed any one in connection with the Drukman case.

The Special Assistant Attorney-General, who is presenting the matter before the extraordinary grand jury, avers that the story of the loan and partial payment is incredible; that an examination of a bank account of Byk may show a different state of money affairs between him and the assistant district attorney indicating that the $2,000 was not a partial repayment but an independent transaction of serious significance.   He has caused a bank account of Byk, beginning with May, 1928, to be subpœnaed.

In behalf of Byk it is urged that if there be authority to have his bank account produced, it may not be produced for a time prior to December, 1934, when the loan was made, although he is willing to have it produced from January 1, 1934, to date.   The People's representative claims the bank account must be produced, and from May 1, 1928, the time of the beginning of the account.

The grand jury is " a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime." (*Blair* v. *United States*, 250 U. S. 273, 282.) A witness is not even entitled to challenge the authority of the court or of the grand jury, provided they have a *de facto* organization and existence. (*Blair* v. *United States, supra.*)

The relevancy of testimony submitted to a grand jury is no concern of a witness before that body. (*United States* v. *McGovern*, 60 F. [2d] 880.)

The pending matter involves the rights of a witness before an extraordinary grand jury. Such a body is limited in the scope of its investigation, which may not go beyond the terms of the Executive proclamation, and, necessarily, the examination of a witness, and his affairs must be confined within those terms. Such examination must not be used as a means of disclosing or intermeddling with extraneous matters; must have a definite purpose and have a relevant relation — even though extremely remote — to the subject-matter under investigation. It is not required, even before an extraordinary grand jury, to scrutinize with acute legalism the propriety or relevance of the subject of inquiry of a witness.

The authorities cited above seem to suggest that the subject of inquiry of a witness is relevant to the general subject under investigation when there is a justifiable suspicion that the former is related to the latter.

In this view, under the facts presented, the court is of the opinion that there is a relevant relation between the bank account and the investigation.

The court is also of the opinion that the bank account from its beginning should be produced. There is nothing before the court showing that the alleged loan of December, 1934, was the only financial transaction between the parties up to that time. It may be a transaction took place as early as May, 1928, which would throw some light on the December, 1934, loan. A time limit as claimed would, under the circumstances, be without reason in such an investigation.

It is, therefore, proper to have the entire account produced.

The order should be affirmed.

LAZANSKY, P. J., HAGARTY, DAVIS and TAYLOR, JJ., concur; CARSWELL, J., dissents. Assuming, without deciding, that a legal basis for issuing the subpœna exists, no justification under the

Executive order appears for inquiry prior to January 1, 1934, on the theory of relevancy or materiality as a consequence of identity with any wrongdoer or associate connected with the March 3, 1935, crime being probed, or proximity in point of time thereto.

Order denying motion of Leo P. Byk to vacate or modify a subpœna *duces tecum* served by the People upon the National City Bank of New York, Brooklyn, requiring the production of a transcript of appellant's account, together with all deposit slips from inception to the date of the subpœna, before the grand jury for the Extraordinary Special and Trial Term of the Supreme Court for and in the county of Kings, affirmed, without costs.