THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* " JOHN DOE," Defendant.

In the Matter of the Application of JOHN J. HALLERAN and LAURENCE B. HALLERAN, Petitioners, to Vacate Subpœnas to Appear before the Grand Jury of the County of Queens in the Above-Entitled Proceeding.

County Court, Queens County, August 5, 1941.

*John J. Bennett, Jr., Attorney-General,* and *John Harlan Amen, Assistant Attorney-General [William J. Butler* and *John M. Murtagh, Assistant Attorneys-General,* of counsel], for the plaintiff.

*Charles T. Murphy,* for the petitioners.

COLDEN, J. This is an application by John J. Halleran and Laurence B. Halleran for an order vacating and canceling certain subpœnas and subpœnas *duces tecum* requiring the petitioners to appear and testify before the regular Queens County Court grand jury for the September, 1940, continued term, and requiring the said Laurence B. Halleran to produce all of the records of the Monoboro Corporation, Twinboro Corporation, Halleran Agency, Winter Realty & Construction Co., Inc., and the Flushingside Realty & Construction Co., Inc., relating to business transactions had by the said corporations with William P. McDonald Construction Co., William P. McDonald, Thomas F. Spellane, Raymond Borg, or any other officers or employees of the William P. McDonald Construction Co. during the years 1936, 1937, 1938, 1939 and 1940.

These subpœnas were issued by John Harlan Amen, Assistant Attorney-General of the State of New York. The petitioners assert that the Assistant Attorney-General is conducting the present proceeding before the grand jury " for the sole purpose of finding an indictment against the petitioner John J. Halleran accusing him of the crime of bribery in violation of the Penal Law of the State of New York * * * or in connection with a charge against said petitioner thereon of misconduct as a public official of the Borough of Queens by way of a presentment or report to be handed up to this Court and filed with the Department of the President of the Borough of Queens as the basis of a proceeding

to remove said petitioner John J. Halleran from said office of Commissioner of Borough Works, and in attempt to deprive him of his pension rights under said New York City Employees Retirement System."

At the time of the issuance of these subpœnas John J. Halleran was commissioner of borough works of the borough of Queens, but prior thereto he had submitted his resignation as such official to take effect July 1, 1941, and had applied to the New York city employees' retirement fund for his pension. His resignation has been accepted and he is no longer a public official.

In his answer to the petition, Assistant Attorney-General Murtagh, a member of the staff of Assistant Attorney-General Amen, denies, in general, the allegations of the petitioners that the grand jury and the Attorney-General are exceeding their powers and authority. The Attorney-General contends that the present investigation in Queens county is being conducted before the grand jury under article 22 of the General Business Law and particularly sections 340, 341 and 347 thereof, and that the issuance of the subpœnas is strictly within the provisions of said article and sections. The petitioners strongly urge that under such provisions the Attorney-General may not present, and the grand jury may not receive, evidence of any felony, or other crime, except of misdemeanors specifically provided for by the provisions referred to. At the time this application was made there was uncertainty as to the extent of the powers of the Attorney General in proceeding under article 22 of the General Business Law, as is evidenced by the wide diversity of views expressed in briefs and oral arguments before the court. In a decision heretofore made by this court in *People* v. *Dorsey* (176 Misc. 932) a determination has been made as to the extent of those powers. This application must be decided in accordance therewith. The Attorney-General may offer to the grand jury evidence of any felony which was the means, or part of the means by which a violation of article 22 of the General Business Law was accomplished. He may not present evidence of felonies or other crimes wholly disconnected with, or not applicable to or not in respect of the practices and transactions referred to in article 22 of the General Business Law. (*People* v. *Dorsey, supra.*)

The right of a grand jury to hand up a presentment involving the conduct of public officers in the discharge of their official duties was approved by the Appellate Division in *Matter of Jones* v. *People* (101 App. Div. 55) and was considered by this court in *Matter of Healy* (161 Misc. 582) in which it was held that such presentments are limited to the acts of public officials, and may not be used against private individuals. It must be presumed that the

grand jury and the Attorney-General will be guided in their acts by these decisions.

In view of the fact that William P McDonald and the William P. McDonald Construction Co. have already pleaded guilty to an indictment charging them with a violation of section 340 of the General Business Law, and the corporate defendant to conspiracy in connection therewith, as is admitted in the petitioners' moving papers, the subpœnas *duces tecum* requiring the production of " All records relating to business transactions had by " the corporations whose records are subpœnaed, " with William P. McDonald Construction Co., William P. McDonald," and the other officers and employees designated, are not open to objection. (*Matter of Cranford Material Corp.*, 174 Misc. 154.)

Finally, in view of the authority of the Attorney-General and of the grand jury, *People* v. *Dorsey* (*supra*), the law as stated in *People* v. " *John Doe* " (*Byk*) (247 App. Div. 324; affd., 272 N. Y. 473) is controlling. There the court held: " The grand jury is ' a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime.' (*Blair* v. *United States*, 250 U S. 273, 282.) A witness is not even entitled to challenge the authority of the court or of the grand jury, provided they have a *de facto* organization and existence. (*Blair* v. *United States, supra.*)

" The relevancy of testimony submitted to a grand jury is no concern of a witness before that body. ( *United States* v. *McGovern*, 60 F. [2d] 880.) " (See, also, *Matter of Edge Ho Holding Corp.*, 256 N. Y. 374, in which Chief Judge CARDOZO, in discussing the powers of the commissioner of accounts of the city of New York, said, " They will be rendered to a large extent abortive if his subpœnas are to be quashed in advance of any hearing at the instance of unwilling witnesses upon forecasts of the testimony and nicely balanced arguments as to its probable importance. Very often the bearing of information is not susceptible of intelligent estimate until it is placed in its setting, a tile in the mosaic.")

The application to vacate and cancel the subpœnas and the subpœnas *duces tecum* is denied. The stay of the examinations of the witnesses named in said subpœnas and subpœnas *duces tecum* will be vacated.

Submit order accordingly, on five days' notice, for signature before August 15, 1941.