In the Matter of FRANK C. MOORE, as Comptroller of the State of New York, Petitioner, against JOHN T. DELANEY, as District Attorney of Albany County, Respondent.

In the Matter of ROLLIN BROWNE, as Commissioner of Taxation and Finance of the State of New York, Petitioner, against JOHN T. DELANEY, as District Attorney of Albany County, Respondent.

In the Matter of ULYSSES H. BOYDEN, Petitioner, against JOHN T. DELANEY, as District Attorney of Albany County, Respondent.

Supreme Court, Special Term, Albany County, November 26, 1943.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Sidney B. Gordon* of counsel), for Frank C. Moore, as Comptroller of the State of New York, and Rollin Browne, as Commissioner of Taxation and Finance of the State of New York, petitioners.

*George R. Fearon (Nathaniel L. Goldstein, Attorney-General,* intervening), for Ulysses H. Boyden, petitioner.

*Henry Epstein* and *John T. Delaney, District Attorney,* in person, for respondent.

RUSSELL, J. Upon the return of orders to show cause the applicants, Frank C. Moore, Comptroller of the State of New York, Rollin Browne, Commissioner of Taxation and Finance of the State of New York, and Ulysses H. Boyden, recently retired Secretary to the Clerk of the Assembly of the State of New York, have moved this court for an order vacating and quashing certain subpœnas *duces tecum* issued and served on

Frank C. Moore, Comptroller, and Rollin Browne, Commissioner of Taxation and Finance, and also a subpoena issued by the District Attorney and served on Ulysses H. Boyden.

The petitioners not only attack the subpœnas involved, but they also question the composition of the grand jury before which they are returnable.

The allegations contained in petitioners' affidavits with relation to the composition of the grand jury contain statements of serious import, and which under other circumstances might impel the court to further investigate this phase of the proceedings.

However, the attack upon the composition of the grand jury cannot be the subject of legitimate inquiry on the part of this court because of the following reasons: *First,* such an attack upon the legality of the grand jury should be made to the court before which it was impáneled, *second,* it is wholly collateral, and, *third,* the petitioners are merely proposed witnesses, and a witness is not entitled to challenge the authority of a grand jury provided it has a *de facto* organization and existence. (*People* v. *" John Doe "* [*Byk*], 247 App. Div. 324, affd. 272 N. Y. 473.)

I think it must be held that the grand jury in question has at least a *de facto* organization and existence.

The attack made directly as to the form and contents of the subpœnas *duces tecum* issued to the Comptroller and Commissioner of Taxation and Finance presents a different question. The great latitude attempted to be covered may be better seen than described in the following copy of the subpœna *duces tecum* served upon the Comptroller:

" SUBPOENA DUCES TECUM — GRAND JURY.

" IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK:

" To Hon. Frank C. Moore, Comptroller, State of New York.

" YOU ARE COMMANDED to appear before the GRAND JURY of the County of Albany, at the Court House, in the City of Albany, in the County of Albany, on the 19th day of October, 1943, at ten o'clock in the forenoon, as a witness in a criminal action prosecuted by the People of the State of New York against John Doe and Others, charged with the crimes of larceny, bribery and corruption. And you are required also to bring with you the following:

" All books or records or a transcript thereof showing the following:

" Appropriations available for the expenses of the Legislative Branch of the Government of the State of New York, on

and after July 1st, 1935; such records to include a record of the amount of each and every appropriation and reappropriation providing funds for the payment of personal services and/or maintenance and operation, expenses and/or consignments and/or services and expenses of Committees or Commissions created by the Legislature, payments which were made subsequent to July 1st, 1935, and any appropriations other than the above, providing funds from which payments have been made subsequent to July 1st, 1935 upon the approval of the President Pro Tem of the Senate or the Speaker of the Assembly, the Clerk of the Senate or the Speaker of the Assembly and/or Chairman of the Committee for the Commission, such records to show the date of each payment, the number of each warrant authorizing such payment, and the amount of each entry from the appropriation ledger, or such other records kept of such entries. Also all payrolls or vouchers containing the name or names of the person or persons claiming to have performed such services as shown by such payrolls or vouchers. Also all the vouchers other than the above that have been paid from funds made available by the Legislature for the expenses of the Legislative Branch of the Government of the State of New York and/or any Committee or Commission, the expenses of which were paid subsequent to July 1st, 1935 from funds in the State Treasury.

" Dated at the City of Albany, the 13th day of October, 1943.

JOHN T. DELANEY
District Attorney Albany County."

It is said that the documents thus called for would number at least 75,000 separate items and cover a period of eight years. The sweeping trend of such a subpoena tends to indicate more of an investigation of the fiscal affairs of the Legislature for the period mentioned rather than a criminal inquiry into the unlawful expenditure of public moneys.

An investigation into the acts of the Legislature as a body cannot be sustained by any judicial precedent. The Legislature, as a branch of the government, cannot commit a crime. It is only the willful misconduct of a member of the Legislature, as a public official, that is subject to a criminal inquiry. The Legislature, as a body, is a distinct branch of the government, as well as the executive and judicial branches, and it cannot be held to answer in any criminal proceeding for the discharge of its duties as a branch of the government. (*People ex rel. Burby* v. *Howland*, 155 N. Y. 270, 282; *People* v. *Perretta*, 253 N. Y. 305, 313; *Matter of LaGuardia* v. *Smith*, 288 N. Y. 1, dissenting opinion by LEHMAN, Ch. J., p. 15.)

However, the District Attorney states that he has information in his possession which leads him to the belief that the crimes of larceny, bribery and corruption may have been committed by legislative officials in the expenditures of public moneys. These are serious charges and it is not within the legitimate province of a court to attempt to restrain a grand jury from any investigation concerning the alleged commission of such crimes.

When the validity of a subpœna *duces tecum* is challenged it is incumbent upon a district attorney to convince the court that the evidence required to be produced thereunder is relevant to the inquiry. (*Matter of Spector* v. *Allen,* 281 N. Y. 251, 257, 258.)

The difficulty with the subpœnas *duces tecum* under attack is that they are so broad and comprehensive and cover such a period of time that it is impossible for the court to tell whether all the matters required to be produced by them have any relevancy to the alleged crimes which the grand jury proposes to investigate.

A general investigation of the Legislature cannot be conducted under the guise of such subpœnas *duces tecum.* The information, which the District Attorney says that he possesses, must be sufficient for him to specify with more particularity to the alleged crimes, and in default of any valid reason to the contrary he should be compelled to do so.

The subpœnas *duces tecum* issued to the Comptroller and Commissioner of Taxation and Finance should be quashed as being too broad and oppressive, and as including matters not subject to the inquiry proposed. The motion to quash the subpœna issued to Boyden is denied, on the ground that it is a simple subpœna, regular in form, and no valid reason has been shown why it should be quashed. It cannot be anticipated that he will be required to give testimony not relevant to the proposed inquiry.

Submit order in accordance with this memorandum.