In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property Required for the Extending of TUDOR CITY PLACE and for Other Purposes. FRED F. FRENCH INVESTING Co., INC., et al., Respondents-Appellants; NEW YORK SOCIETY FOR THE RELIEF OF THE RUPTURED AND CRIPPLED et al., Respondents; TUDOR CITY FOURTH UNIT, INC., et al., Appellants.— We find that the record indicates that somewhat higher land values should have been awarded. Decree unanimously modified as follows: Parcels 1, 2, 6, 6A, 7, 7A, 8, 8A, 9, 9A, 10 and 10A, land damages for taking of land increased to $452,000, and total award to $512,000. Parcels 12 to 14 and 12A and 14A, damage for taking of land increased to $143,000 and total to $194,000. Parcels 15 to 17 and 15A to 17A, damage for taking of land increased to $143,000, total $193,000. Parcels 18 and 19 award increased to $160,000. As so modified the decree is affirmed. Settle order on notice. Present — Dore, J. P., Cohn, Callahan, Breitel and Bergan, JJ.

∎

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MIRIAM HANDLER, Appellant, against CHARLES H. HANDLER, Respondent.— Order of the Official Referee unanimously reversed and the matters in issue are remitted to the Special Term for the taking of further testimony and such additional proof as may be indicated in order to determine a proper custodian of the infant daughter. On this record we are not satisfied that the mother has been shown to be an unfit custodian. Her habits were not shown to be tainted with immorality or other misconduct rendering her an unfit guardian for her twelve-year-old daughter. The other incidents involving direct relations with the daughter were not, on this record, conclusive as to neglect or impropriety. The proof offered was insufficient to establish that the incidents relied upon were part of a regular pattern. Moreover, we comment that generally in custody matters, such as this, Special Term should hear and finally determine the issues and they should not be referred. Pending disposition by Special Term the daughter shall remain in the custody of the father with the same rights of visitation and custody in the mother provided in the order of Special Term dated June 29, 1951, which provisions were to obtain pending the hearing and determination of the issues by the Official Referee. Settle order on notice. Present — Dore, J. P., Cohn, Callahan, Breitel and Bergan, JJ.