John E. Cone, J.
Applicants move to vacate subpoenas issued by the District Attorney of Kings County and the Second-Continued March 1958 Kings County Grand Jury requiring their attendance and testimony before the Grand Jury. In addition the applicants seek removal of the individual and several mem *150 bers of the Grand Jury and the discharge of said Grand Jury. Other requests for relief in the motion papers have been withdrawn during argument of the motion.
As grounds for the vacating of the subpoenas the movants assert the following: (1) That the investigation conducted by the Grand Jury is in fact directed specifically to the movants for the purpose of subjecting them to criminal prosecution; (2) that the effect of the subpoenas would be to make the applicants witnesses against themselves in violation of their constitutional guarantees; (3) that the subpoenas fail to set forth facts indicating the nature of the investigation, and (4) the foreman of the Grand Jury and the District Attorney by their disclosures to the press have violated the secrets of the Grand Jury and thus have rendered their deliberation and processes null and void.
It is settled law that the power of a district attorney to subpoena persons to appear before a grand jury is limited to witnesses and not persons who are objects of a grand jury inquiry. (Matter of Bernoff v. Amoroso, 188 Misc. 845, and cases cited therein.) The inquiry of the Second-Continued March 1958 Grand Jury concerns itself with the effective means of combating violations of laws relating to gambling and police corruption. The applicants are members of the Police Department of the City of New York and were assigned to the department’s “ Morals Squad.” It is asserted by them that it is manifest that the inquiry is directed against them in light of statements attributed to the foreman of the Grand Jury and the District Attorney to the effect that the Morals Squad should be disbanded because of its corruption and venality. Even assuming arguendo that such statements have been made, proof of which has not been submitted, the presentment of the Grand Jury reveals that the purpose in the recommendation for the disbandment of the Morals Squad was not as alleged to have been assigned by the foreman of the Grand Jury and the District Attorney but that it was the considered opinion of the grand jurors after study of operations in other jurisdictions that a more effective method of stamping out gambling would result by organizing the fight against gambling syndicates on a precinct basis rather than by a division or borough organization.
While by possibility a crime may have been committed by one or more of the applicants, there is nothing before the court which would lead to the conclusion that the purpose of the proceeding in which the subpoenas were issued was the prosecution of any one or more of the applicants for a criminal offense. The powers of the District Attorney would be rendered to a large *151 extent sterile if his subpoenas are to be quashed in advance of any hearing at the instance of a subpoenaed person’s mere assumption or forecast that the inquiry will be directed against him. It would of course be an impropriety for a grand jury to subpoena one who it would have reason to believe had committed a crime but we must rely upon its good judgment with respect to the manner that it conducts its functions, subjecting the judgment to review by the court where it clearly appears that the constitutional rights of any person have been violated. (Matter of Hirshfield v. Craig, 239 N. Y. 98.) Generally witnesses are free to insist upon all of their constitutional privileges, but “ privilege is merely an option of refusal, not a prohibition of inquiry” (8 Wigmore, Evidence, § 2268).
In any event since the inquiry of the Grand Jury concerns itself with respect to bribery and corruption, conspiracy and gambling, sections 381, 584 and 996 of the Penal Law afford immunity from prosecution of a crime to those witnesses who give testimony relating to such crimes, and accordingly the witnesses may be compelled to testify even though the testimony adduced involves self incrimination. Thus, whether the witness is one about to be accused or is one called as an incident to a general investigation the testimony carries along with it immunity automatically in either case (People ex rel. Coyle v. Truesdell, 259 App. Div. 282).
The fact that the subpoena fails to set forth facts indicating the nature of the investigation does not prejudice the movants. “ The people are not required to make public disclosure of the purpose of the inquiry in order to obtain compliance with its mandates.” (Matter of Manning v. Valente, 272 App. Div. 358, 361, affd. 297 N. Y. 681.)
Nor does any fact appear that the foreman of the Grand Jury or the District Attorney has violated the secrets of the Grand Jury but in any event, if such be the fact, it would not prevent the Grand Jury from continuing with its statutory duties. It is interesting to note the comment by Dession and Cohen in their article “ The Inquisitorial Functions of Grand Juries ” (41 Yale L. J. 687, 711 [1932]) where it was said that where the situation calls for public exposure of whole systems of corruption rather than merely prosecution of particular individuals there would appear to be no necessity for the prohibition against any disclosure of what takes place in a grand jury room.
The ground assigned by the applicant for the removal of individual and several members of the Grand Jury and the discharge of said Grand Jury is that by reason of the alleged statements of the District Attorney and foreman of the Grand Jury a state *152 of mind exists whereby each of the members of the Grand Jury is precluded from acting with impartiality and without prejudice to the substantial rights of the movants. No evidence has been submitted that such state of mind exists with respect to the movants. In any event, the movants, not being persons charged with a crime but being mere witnesses, are not entitled to challenge the authority of the Grand Jury provided it is a de facto organization (People v. “ John Doe ”, 247 App. Div. 324, affd. 274 N. Y. 473; Matter of Moore v. Delaney, 180 Misc. 844) nor any individual grand juror (see Code Crim. Pro., § 230).
The court is of the opinion that this application was not made in good faith but rather as a device to impede and circumvent the functions of the Grand Jury.
Public employees — particularly police officers — should never avail themselves of such a reprehensible course of action. Police officers must always be in the forefront with the Grand Jury in rooting out evil and exposing wrongdoing. This litigation amounts to an attempt to flout a Grand Jury representing the public in an attempt to search out corruption among public employees who are supposed to defend the public against corruption. The movants herein must be brought to realize that the Grand Jury is often the last bastion of civic decency and an institution not to be defied with impunity. To permit such mockery and disparagement of the Grand Jury by police officers cannot and will not be countenanced.
The motion therefore is denied in all respects. Submit order.