■ In the Matter of BERNARD KLEINERT, Appellant, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Respondent, and HARRY KLEIN CRUGER AVENUE CORPORATION, Intervenor-Respondent.— Appeal from order, entered on September 14, 1962, unanimously dismissed, with $20 costs and disbursements to respondents. An appeal from an order denying reargument is not permitted (*Gallie Corp.* v. *Bankers Commercial Corp.*, 6 A D 2d 674; *Kelly* v. *Vania Cab Corp.*, 1 A D 2d 803) and since there was not a timely appeal from the original determination the present appeal must be dismissed. Concur — Breitel, J. P., Rabin, Valente, McNally and Stevens, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD GARBER, Appellant, v. LORRIE GARBER et al., Respondents.— Order entered on April 26, 1962, denying relator's motion for a rehearing, unanimously affirmed, without costs. The notice of motion dated April 3, 1962 sought " a rehearing of the writ of habeas corpus previously disposed of before this Court ". The disposition was grounded on the stipulation of the parties before the court. No final order was entered. When the application for a rehearing came on at Special Term, it was properly referred to the Justice before whom the hearing on the writ was held. (Cf. *Travitzky* v. *Schamroth*, 277 App. Div. 1018.) It was improper to refuse to entertain the referral, particularly when no final order had been made and the Justice who heard the writ was available. A habeas corpus proceeding is a summary one and procedures tending to delay are incompatible with its primary objective of prompt disposition. (*People ex rel. Woodbury* v. *Hendrick*, 215 N. Y. 339; *People ex rel. Heller* v. *Heller*, 183 Misc. 630, affd. 268 App. Div. 976.) Relator seeks to be relieved of his stipulation entered into before the court including provision for the furnishing of a bond. In a proper case, absent prejudice, a party may be relieved of his stipulation. However, the application for such relief is required to be grounded on factual allegations justifying the exercise of judicial discretion. (*Matter of New York, Lackawanna & Western R. R. Co.*, 98 N. Y. 447, 453; *Magnolia Metal Co.* v. *Pound*, 60 App. Div. 318, 320; *Balbert* v. *Balbert*, 190 Misc. 628, 631.) Here, however, relator has failed to factually allege financial or other inability to furnish the stipulated bond. Towards the end of a final disposition (cf. *People ex rel. Handler* v. *Handler*, 282 App. Div. 694) a final order may be entered awarding custody to respondent wife and providing for visitation rights to the relator on each Sunday between the hours of 1:00 P.M. and 5:00 P.M. at the residence of the respondent. This is without prejudice to relator's right to apply to be relieved of the stipulation upon a proper factual showing of financial or other inability to comply with the stipulation for a bond as a condition of temporary custody. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.