## (October 29, 1973)

■ CHARLES C. BUNKER, Appellant, v. MAVIS BUNKER, Respondent.— Order of the Supreme Court, Nassau County, dated December 19, 1972, affirmed insofar as appealed from, without costs. No opinion. Appeal from order of the same court dated March 2, 1973 dismissed, without costs. This order, which denied appellant's motion for reargument, is not appealable. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of the Dissolution of JERLY REALTY CORP. HYMAN HECKER, Appellant; JOSEPH E. REGARD, Respondent. JOSEPH E. REGARD, Plaintiff, v. LILLIAN YANNICELLI et al., Defendants.— Appeal from part of an order of the Supreme Court, Westchester County, entered August 7, 1972. The order was made under the two above-entitled matters, the first a proceeding for the dissolution of a corporation and the second an action for partition of real property. The appeal is by the former attorney for the respondent, Joseph E. Regard, a stockholder in the corporation and the plaintiff in the action, from so much of the order as, in awarding said attorney a counsel fee, after a hearing, for services rendered to respondent in both matters, limited the award to $750. Order modified, on the law and the facts, by (1) increasing the amount of $750 in the first decretal paragraph thereof to $2,434.88 and (2) increasing the amount of $838.25 in the second decretal paragraph thereof (the total of the fee awarded plus certain expenditures) to $2,523.13. As so modified, order affirmed insofar as appealed from, without costs. Pursuant to a written retainer, dated June 15, 1966, for the dissolution proceeding, respondent agreed to pay appellant one half of any recovery obtained for respondent; the parties' briefs are in agreement that $3,369.77 was obtained for respondent and therefore appellant is entitled to one-half thereof, or $1,684.88. In addition, appellant is entitled to an award for the work done in the partition action. However, whereas there was a retainer signed for the dissolution proceeding, none was signed for the partition action, and therefore appellant's services in the partition action must be evaluated on the basis of *quantum meruit*. The problems involved in the partition action were not complicated. In our opinion, the reasonable value of those services is $750. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.