CAMERON K. WEHRINGER, Respondent, v DOUGLAS GIBBONS—HOLLYDAY & IVES, INC., Defendant, and 150 EAST 73RD STREET CORPORATION, Respondent. 150 EAST 73RD STREET CORPORATION, Appellant.

First Department, October 9, 1975

*Leon Brickman* for appellant.

*William F. Larkin* of counsel *(John P. Connors,* attorney), for 150 East 73rd Street Corportion, respondent.

*Cameron K. Wehringer, pro se,* of counsel *(Wehringer & Kojima,* attorneys), for Cameron K. Wehringer, respondent.

*Per Curiam.* Plaintiff-respondent, a shareholder and tenant in a co-operative apartment house located at 150 East 73rd Street in Manhattan, occupied apartment 11C, located under the roof and terrace of the building. On May 14, 1974, plaintiff commenced an action in New York County Supreme Court against appellant, 150 East 73rd Street Corporation, the owner, and Douglas Gibbons - Hollyday & Ives, Inc., the managing agent of the building, to recover for water damages to his apartment, allegedly caused by their failure to repair the roof of the building. Counsel, retained by the insurer of the building, appeared in the Supreme Court action to represent and defend the owner's interests.

Following the commencement of the action, plaintiff ceased to pay the maintenance charges, or rent, for his co-operative apartment, whereupon, on or about January 16, 1975, appellant, as landlord, commenced a holdover proceeding in New York County Civil Court to dispossess plaintiff for nonpay-

ment. In that proceeding appellant was represented by a different attorney.

On April 4, 1975 and April 7, 1975, in Supreme Court, plaintiff obtained orders to show cause why the Civil Court proceeding should not be consolidated and stayed pending disposition of all motions pending in the Supreme Court between the parties. In accordance with the terms of that order to show cause dated April 7, 1975, service was made upon the attorney of record for appellant in the Supreme Court action.

By order entered April 25, 1975, in Supreme Court, New York County (HUGHES, J.), plaintiff's motions were granted to the extent of staying the Civil Court proceeding "pending hearing and determination of all motions now pending in this Supreme Court."

Thereafter, appellant, by its attorney in the Civil Court proceeding, sought leave, as an aggrieved party, to reargue the earlier motion resulting in the order entered April 25, 1975, claiming that the order was entered on its default. This does not appear to be strictly accurate, since appellant's Supreme Court counsel, in opposing plaintiff's motions, not only attempted to limit its appearance but also made reference to the merits of the case. In any event, if there were such a default, the appeal therefrom would have to be dismissed as nonappealable (CPLR 5511). The motion to reargue was denied by order entered May 16, 1975 in Supreme Court, New York County (HUGHES, J.), and appellant, by its Civil Court attorney, appeals therefrom, as well as from the earlier order entered April 25, 1975.

The appeal from the order entered May 16, 1975, is dismissed, with costs to plaintiff-respondent. An order denying a motion for reargument is not appealable (Bunker v Bunker, 42 AD2d 994; United Artists Tel. v Quality Bakers of Amer. Coop., 27 AD2d 651; Matter of Kleinert v Gabel, 18 AD2d 990).

A similar disposition is indicated for the appeal from the order entered April 25, 1975. Counsel of record for appellant in the Supreme Court action did not file a notice of appeal from such order, and counsel in the Civil Court action, who has taken this appeal on behalf of appellant, never filed a notice of appearance in the Supreme Court action, nor was he ever substituted for the attorney of record. Accordingly, such counsel is totally without standing. Appellant, by such attempted dual representation, attempts to act in plain disre-

gard of the law and would, in effect, unfairly whipsaw the plaintiff between counsel of record and an interloper. *(Matter of Kitsch v Riker Oil Co.,* 23 AD2d 502, 503; CPLR 321.) The appeal is not properly before us and is dismissed, with costs to plaintiff-respondent, which costs are to be taxed in a single bill to cover both appeals.

STEVENS, P. J., MARKEWICH, MURPHY, LUPIANO and LANE, JJ., concur.

Appeals from orders of the Supreme Court, New York County, entered on May 16, 1975 and April 25, 1975, unanimously dismissed. Plaintiff-respondent shall recover of appellant one bill of $40 costs and disbursements of these appeals.