WILLIAM STEINMAN, Appellant, v MAURICE H. NADJARI, as Special Deputy Attorney-General, et al., Respondents.

Second Department, December 1, 1975

*Hervey & Legum (Aaron Nussbaum* of counsel), for appellant.

*Maurice H. Nadjari, Deputy Attorney-General (Allen G. Swan* and *Bennett L. Gershman* of counsel), respondent *pro se.*

*Louis J. Lefkowitz, Attorney-General (Burton Herman* and *Samuel A. Hirshowitz* of counsel), respondent *pro se,* and for John M. Murtagh and another, respondents.

COHALAN, J. The plaintiff was indicted in 1973 by the Extraordinary and Special Grand Jury of Kings County for the crimes of conspiracy in the third degree, attempted bribery in the second degree and grand larceny in the second degree. He has previously unsuccessfully attacked the indictment in both State and Federal courts of original and appellate jurisdiction on the grounds of alleged (1) prosecutorial misconduct of the special prosecutor, (2) bias on the part of the Justice presiding at the Extraordinary Special and Trial Term and (3) violation of the plaintiff's civil rights.

The plaintiff's present thrust is a claim of unconstitutional-

ity of not only two statutes (Judiciary Law, § 149; Executive Law, § 63 [subd 2]) but also of a provision of the State Constitution (art VI, § 27), which he claims is violative of the Fifth and Fourteenth Amendments of the Federal Constitution.

The plaintiff is aware that all the arguments he has advanced are available to him in the trial court upon the trial of the indictment and it is upon this theory of an adequate remedy at law that the Special Term dismissed the complaint. He contends, however, that it is futile to expect to obtain relief from the very Justice before whom he is to be tried. We do not agree, but, under the particular circumstances of this case, including the nature of the constitutional claim raised and the absence of disputed facts, a decision upon the merits is appropriate.

As pertinent to his challenge, we quote the cited items (the italicized portions are the direct subjects of his attack). Section 27 of article VI of the New York State Constitution reads:

"§ 27. *[Supreme court; extraordinary terms.]* The governor may, when in his opinion the public interest requires, appoint extraordinary terms of the supreme court. He shall designate the time and place of holding the term and the justice who shall hold the term. *The governor may terminate the assignment of the justice and may name another justice in his place to hold the term.*"

Section 149 of the Judiciary Law provides:

"§ 149. Governor may appoint extraordinary terms and name justices to hold them.

"1. The governor may, when, in his opinion the public interest requires, appoint one or more extraordinary special or trial terms of the supreme court. He must designate the time and place of holding the same, and name the justice who shall hold or preside at such term, and he must give notice of the appointment in such manner as, in his judgment, the public interest requires. *The governor may terminate the assignment of the justice named by him to hold a term appointed pursuant to this section, and may name another justice in his place to hold the same term. * * ** 

"2. A motion involving a matter pending before such extraordinary special or trial term shall be made returnable at such term, except that, in the exercise of discretion, a justice of the appellate division of the supreme court in the depart-

ment in which such extraordinary special or trial term is being held may grant permission for such motion to be heard at a term of such appellate division."

Section 63 of the Executive Law provides, in pertinent part:

"§ 63. *General duties.* The attorney-general shall: * * * 2. *Whenever required by the governor, attend in person, or by one of his deputies, any term of the supreme court or appear before the grand jury thereof for the purpose of managing and conducting in such court or before such jury criminal actions or proceedings as shall be specified in such requirement".*

The plaintiff objects to the power of termination reposed in the Governor, not the power initially to appoint. His argument reduces itself to the postulate that the power to "terminate the assignment of the justice named by him" and to name another in his place denigrates the independence of the judiciary and thus is abhorrent to the constitutional theory of separation of powers.

The obvious situations that would impel a termination are a protracted illness of the Justice presiding or his unwillingness to continue in the role. Presumably, in either event, the Governor would relieve him of his assignment. The suggestion made by the plaintiff, however, goes far beyond those examples. He asserts that irrespective of whether or not the executive would prostitute his office by terminating a Justice's assignment (because he does not approve of the results of the trials conducted in his court), the very fact that he can do so renders the above-quoted provisions of the Judiciary Law and of the State Constitution unconstitutional. Beyond the mere inclusion of the statement of that proposition in the cases cited by him, they are otherwise inapposite.

The plaintiff's argument is answered in *People v Davis* (67 Misc 2d 14, 16). (There the attack was directed to the portion of section 149 of the Judiciary Law that permits the initial appointment by the Governor.) The court said (p 16):

"Whether the legislative, executive and judicial powers of a State shall be kept together or separate is a determination to be made by the State. This separation of powers is not an element to be considered when making an inquiry as to whether or not the due process of law demanded by the Fourteenth Amendment has been respected by the State. (*Dreyer v Illinois,* 187 US 71, 84.)

"The defendants misinterpret the separation of powers doc-

trine. The three branches of government cannot and do not operate within isolated, sealed and impregnable compartments. There is an interdependence, a process of unified and joint effort calculated and deliberately designed by the architects of our system of jurisprudence to give the Government balance and stability."

The additional fact that the plaintiff could and did attack the constitutionality and applicability of the items in question in a court other than that of the Justice presiding at the Extraordinary Term is a true indication that the Governor's role is not as all encompassing as the plaintiff claims it to be.

By way of analogy that the power to terminate reduces the status of the judiciary to a less than equal partnership with the executive branch, we have the question of the Governor's right to grant a pardon. Except in cases of treason or impeachment, he has the power to pardon, after conviction, the most hardened malefactor (Executive Law, § 15). The exercise of such clemency erases the stigma of conviction branded upon a criminal defendant in a court of law. Certainly this constitutes a species of interference with the judicial process. Equally it could be argued, as here, that the statutory right to use the power in a corrupt manner, even if never so exercised, would tend to render these provisions of the Judiciary Law and of the State Constitution unconstitutional. Yet to date, no one has ever mounted a successful attack upon the Governor's prerogative.

As to the appointment of the special prosecutor (Executive Law, § 63), whatever the preference expressed by the Governor, it was the Attorney-General who actually and factually did appoint him; and it is as a Special Deputy Attorney-General that he is conducting the prosecution.

We conclude, therefore, that the constitutional provision and the statutes under attack meet the test of constitutionality. However, a declaration in favor of the defendants should have been made, instead of dismissing the complaint (*Lanza v Wagner*, 11 NY2d 317, 334).

The order appealed from should be modified, on the law, by striking therefrom the provisions granting dismissal of the complaint and by substituting therefor a provision declaring that section 27 of article VI of the New York State Constitution, section 149 of the Judiciary Law and section 63 of the Executive Law are constitutional. As so modified, the order

should be affirmed, with one bill of $50 costs and disbursements jointly to respondents.

HOPKINS, Acting P. J., MARTUSCELLO, CHRIST and MUNDER, JJ., concur.

Order modified, on the law, by striking therefrom the provisions granting dismissal of the complaint and by substituting therefor a provision declaring that section 27 of article VI of the New York State Constitution, section 149 of the Judiciary Law and section 63 of the Executive Law are constitutional. As so modified, order affirmed, with one bill of $50 costs and disbursements jointly to respondents.