## (January 13, 1976)

■ In the Matter of L & S HOSPITAL & INSTITUTIONAL SUPPLIES CO., INC., et al., Appellants, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, et al., Respondents.—Order, Supreme Court, New York County, entered August 7, 1975, denying petitioners' application to quash grand jury subpoenas duces tecum issued to banking institutions and requiring the production, among other things, of various corporate records and checking accounts and personal checking and saving accounts of individual officers, unanimously affirmed, without costs and without disbursements. This matter and *Matter of L & S Hosp. & Institutional Supplies Co. v Hynes* (51 AD2d 515), *Matter of Heller v Hynes* and *Matter of Fishoff v Hynes* (51 AD2d 515) present for review common questions concerning the legitimacy of the investigation of nursing homes being conducted by the State of New York. There being no claim that the Grand Jury lacks *de facto* organization and existence, the petitioners lack standing to challenge its jurisdiction. *(Blair v United States,* 250 US 273; *People v Doe [Byk],* 247 App Div 324, affd without opn 272 NY 473.) The Deputy Attorney-General has authority to appear before the Grand Jury *(Steinman v Nadjari,* 49 AD2d 456) and to issue subpoenas on its behalf. *(People v Tomasello,* 21 NY2d 143; *People v Yonkers Contr. Co.* 24 AD2d 641, affd as to that aspect, 17 NY2d 322, 338.) The powers conferred on the Attorney-General's office by subdivision 3 of section 63 of the Executive Law were properly activated by the requests from the State Commissioners of Health and of Social Services. We have heretofore, in *Matter of Maison & Co. v Hynes* (50 AD2d 13) considered various of the contentions now raised by petitioners-appellants with respect to a similar Grand Jury subpoena duces tecum, and rejected the contentions. (See, also *Matter of Sigety v Hynes,* 38 NY2d 260.) Concur—Stevens, P. J. Kupferman, Lupiano, Lane and Nunez, JJ. [84 Misc 2d 431.]

■ In the Matter of L & S HOSPITAL & INSTITUTIONAL SUPPLIES CO., INC., et al., Respondents, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, et al., Respondents-Appellants.—Order, Supreme Court, New York County, entered September 18, 1975, denying the motion for reargument by respondents-appellants Deputy Attorney-General and Special Assistant Attorney-General, of the order modifying the subpoenas duces tecum to require production of only those records reflecting transactions with nursing homes or related businesses or individuals, unanimously affirmed, without costs and without disbursements, and without prejudice. Until such time as it appears that the limitation in some way hampers the investigation, the modification was a proper exercise of judicial discretion. In any event, an order denying a motion for reargument is not appealable. *(Wehringer v Douglas Gibbons-Hollyday & Ives,* 49 AD2d 109; *United Artists Tel. v Quality Bakers of Amer. Co-op.* 27 AD2d 651.) Concur—Stevens, P. J., Kupferman, Lupiano, Lane and Nunez, JJ.