THOMAS F. JUDSON, Respondent, *v.* THREE D BLDG. CORP. et al., Defendants, and EMPIRE DISCOUNT CORPORATION, Appellant.

Fourth Department, April 4, 1963.

---

*Relin, Relin & Celona (Nathan Relin of counsel), for appellant.*

*Harris, Beach, Keating, Wilcox, Dale & Linowitz (Robert J. Mooney of counsel), for respondent.*

Bastow, J. The defendant, Empire Discount Corporation (herein " Empire "), appeals from an order denying its motion to dismiss this action for failure to prosecute. Empire further appeals from an order thereafter made confirming the report of a Referee appointed to compute and a judgment of foreclosure

and sale entered upon the report. The action was commenced on February 23, 1961 to foreclose two mortgages. An understanding of the issues presented requires a statement of the ownership of the mortgaged premises, the several mortgages thereon and the changing events from February, 1961 to January 22, 1963 — the date of the last order from which an appeal is presented herein.

The defendant, Three D Bldg. Corp. (herein " Three D "), was until October 5, 1962 the owner of realty on South Goodman Street in Rochester. In February, 1961 there were six mortgages on the property. A first mortgage had been executed in 1955 to Lincoln-Rochester Trust Company (herein " Lincoln-Rochester ") to secure the payment of certain notes. The complaint alleged that there was principal due thereon in excess of $72,000. The present action sought to foreclose second and third mortgages then owned by the present nominal plaintiff, Judson, to secure payment of mortgage notes in the sum of $60,000. The defendant, Mertz, owned fourth and fifth mortgages and appellant, Empire, was the owner of a sixth mortgage which covered a portion of the premises described in some of the earlier mortgages. The remainder of the lands had been acquired by the State in condemnation proceedings.

The complaint named as defendants, among others, Three D, Lincoln-Rochester, Mertz and Empire. The prayer for relief in effect sought the sale of the property free and clear of the liens of the fourth, fifth and sixth mortgages but requested that the amount due on the first mortgage be ascertained and first paid from the proceeds of the sale. The owner, Three D, was the only defendant to serve an answer. Thereby it put in issue certain material allegations of the complaint. Appellant, Empire, served a notice of appearance and demanded service of a copy of all papers upon its attorneys. In June, 1961 plaintiff moved to strike the answer of Three D and for the entry of summary judgment. The notice of motion was not addressed to the attorneys for Empire. It is not clear from the record whether or not the motion was orally decided from the Bench in June, 1961 but no order implementing the decision was entered until some 18 months later in December, 1962. This was done after the motion to dismiss for failure to prosecute had been decided.

In August, 1961 appellant, Empire, commenced an action to foreclose its sixth mortgage. This proceeded to judgment of foreclosure and upon the sale on October 5, 1962 the premises were purchased by Empire. Thereafter, Empire moved in November, 1962 to dismiss the present action for failure to

prosecute. The motion, as previously stated, was denied and the order implementing that determination is before us for review. That decision was based on the patently erroneous statement that summary judgment had been taken in June, 1961 and therefore the complaint herein could not be dismissed. As heretofore recited such a motion had been made in June, 1961 but no order or judgment had been entered at the time this motion was decided. The reasoning of Special Term that Empire had no standing in the action because of its action in foreclosing its junior mortgage was equally untenable. The complaint herein alleged that Empire and other defendants had '' some interest in or lien upon '' the premises and relief was asked foreclosing any title or interest Empire had in the property. The reasoning of Special Term was based again upon the faulty assumption that summary judgment had been previously entered when in fact no such action had been taken. The order appointing a Referee to compute, which apparently implemented the decision granting summary judgment, was not signed and entered until December 18, 1962.

All of this is further confused by the fact that in June, 1961 (shortly after the summary judgment motion had been made) the present plaintiff (Judson) assigned his interest in the mortgages sought to be foreclosed to Ben Wolk and Robert Miller by instrument recorded August 16, 1961. The attorney for plaintiff in an affidavit states that the assignees of the mortgages intended to proceed with the action in the event the indebtedness was not discharged from the proceeds of a condemnation award. It is conceded that this award affected only a portion of the premises conveyed by the first, second and third mortgages. But as we shall subsequently see, the assignees subsequently released their interest in the condemnation award and are now seeking to recover the full amount of the mortgage indebtedness from the proceeds of sale of the remaining property.

It is recognized that the assignees of the mortgages had the right to continue this action in the name of Judson (Civ. Prac. Act, § 83; *Clement* v. *Saratoga Holding Co.*, 161 App. Div. 898, 902). It is plain, however, from the affidavit of Miller, one of the assignees, submitted in opposition to the motion to dismiss, that they delayed unreasonably for many months. During this period Empire commenced and prosecuted to conclusion an action to foreclose the sixth mortgage and acquired title to a portion of the realty. Thus at the time the motion to dismiss this action was made the owner (Three D) by the decree in Empire's action had been effectively barred of all title in the property.

Another fact complicates the picture. In 1958 the State, as heretofore recited, condemned a portion of the lands owned by Three D. The facts are not stated with precision in the record but apparently the taken property was conveyed in the first, second and third mortgages executed by Three D but not in the sixth mortgage to Empire. In August, 1962 the Court of Claims awarded Three D $70,000 for the property taken by the State. In addition Miller, one of the owners of the mortgages sought to be foreclosed in this action, in February, 1961 purchased the first mortgage from Lincoln-Rochester. Miller subsequently assigned this mortgage to one Kleiman, who in turn assigned it to one O'Brien. Empire claims that a " surreptitious agreement " has been made to increase the annual rate of interest on this first mortgage from 4½ to 12%.

Subsequently, and after the motion to dismiss had been denied, the nominal plaintiff herein obtained an order appointing a Referee to compute. Although, as heretofore stated, Empire when appearing had demanded service of all papers no notice was given it of the hearing before the Referee. Moreover, Empire apparently received no notice of the application for appointment of a Referee to compute. The report states $80,877.60 is due on the first mortgage and $71,400.10 is due on the two mortgages sought to be foreclosed but contains no reference to the condemnation award. In opposing a motion to confirm the Referee's report Empire presented proof that Miller and Wolk, the present owners of the mortgages, had released their interest in this condemnation award (presumably to Three D). Special Term without exploration of this issue confirmed the report and granted judgment of foreclosure and sale. The second appeal here presented is from this order and judgment.

We do not attempt to pass upon the subsidiary issue relating to the condemnation award upon the meagre facts presented but it should be considered in deciding whether plaintiff has been guilty of failure diligently to prosecute the action. In case of such delay we have been given ample authority by statute and rule to act (Civ. Prac. Act, § 181; Rules Civ. Prac., rule 302) and in addition " It is ancient and undisputed law that courts have an inherent power over the control of their calendars, and the disposition of business before them ". (*Plachte* v. *Bancroft, Inc.*, 3 A D 2d 437, 438.) This court has recently affirmed an order dismissing a complaint for failure to prosecute where 17 months passed after joinder of issue without the case having been noticed for trial. (*Powell* v. *Town of West Turin*, 18 A D 2d 969.)

Here there has been unreasonable neglect to proceed. But in addition the position of the parties has materially changed during the period of delay. Moreover, there have been supervening events that may well have an impact on the rights of some of the parties to this action. The proximate cause of all this was plaintiff's long delay that might be found to constitute an abandonment of the action. Acting under statute and rule and our inherent power over the disposition of actions before the court and in the interests of justice we conclude that the motion to dismiss the complaint should have been granted.

The order denying such relief should be reversed and the motion granted. The order confirming the report of the Referee to compute and the judgment of foreclosure should be reversed and the motion to confirm the report denied.

The appeal from the order of Special Term denying motion of Empire to stay all proceedings should be dismissed as academic.

WILLIAMS, P. J., GOLDMAN, HALPERN and HENRY, JJ., concur.

Order [entered Dec. 6, 1962] unanimously reversed, with $25 costs and disbursements, and motion to dismiss complaint granted, with $10 costs.

Judgment and order [entered Jan. 22, 1963] unanimously reversed on the law and facts and in the interests of justice, without costs of this appeal to any party, and motion to confirm the report of the Referee denied.

Appeal [from order denying motion by appellant for a stay] unanimously dismissed, without costs, as academic.