■ CAMERON K. WEHRINGER, Respondent-Appellant, v DOUGLAS GIBBONS-HOLLYDAY & IVES, INC., Respondent, and 150 EAST 73RD STREET CORPORATION, Appellant-Respondent. CAMERON K. WEHRINGER, Appellant, v DOUGLAS GIBBONS-HOLLYDAY & IVES, INC., et al., Respondents.—Order, Supreme Court, New York County, entered January 14, 1976, unanimously affirmed, with $40 costs and disbursements to plaintiff against 150 East 73rd Street Corporation. The codefendant landlord appeals from the denial of its motion for a review of taxation of costs. However, this court in a recent case involving the same parties (49 AD2d 109), dismissed two appeals taken by the landlord on the basis that counsel acting on its behalf had never been substituted for its attorney of record in the Supreme Court, and it is this counsel who raises the issue with respect to taxation of costs. Accordingly, the matter is foreclosed. Order, Supreme Court, New York County, entered January 23, 1976, unanimously modified, on the law and the facts and in the exercise of discretion, to permit the immediate taxation of the stenographic costs, and further to provide for a payment of $100 as counsel fees to the plaintiff-appellant, with $40 costs and disbursements to plaintiff against defendants-respondents. The defendants were directed to appear for a deposition at Special Term Part II on a specific date. It is alleged that because of inadvertence and confusion a note was not made in the office diary, and thus the defendants failed to appear as required. The plaintiff then moved for an inquest, and Special Term, while correctly denying the

inquest, in view of the explanation and the fact that where possible, cases should be decided on the merits *(Brettschneider v Brettschneider,* 52 AD2d 548; *Schroeder v Musicor Record Corp.,* 49 AD2d 560, 562; *Benadon v Antonio,* 10 AD2d 40, 42), granted the stenographer's fee payable by the plaintiff for attendance at the proposed examination, but only at the conclusion of the action. This payment should be made forthwith as it is a current obligation assumed by the plaintiff to no avail because of the failure of the defendants to appear. Further, in view of the fact that this matter has been hotly contested, the excuse for failure to appear is rather lame, and the plaintiff should receive a counsel fee for the time wasted in attending a scheduled examination. Concur—Stevens, P. J., Kupferman, Lupiano, Capozzoli and Lane, JJ.