OPINION OF THE COURT
Hirsch, J.
The query presented upon this appeal, apparently one of first impression, is the right of a court to assess counsel for a disclosure-seeking party because of unreasonable conduct.
Plaintiff commenced an action to recover $6,678.34 from defendant based upon defendant’s alleged negligent performance of a title search and preparation of a related title report. Approximately 10 months after issue was joined, plaintiff filed a notice of trial and related statement of readiness. One week later defendant moved to strike the *816 notice on the grounds that said notice was premature, in that defendant alleged that pretrial disclosure procedures had not been completed. The court below denied defendant’s motion on condition that plaintiff appear at an examination before trial at a time and place fixed in the court’s order. Plaintiff so appeared but defense counsel did not, resulting in a second motion by defendant, made approximately three months later, requesting identical relief Said motion was granted upon terms similar to the first order including the imposition of $50 costs upon defendant. Plaintiff again appeared for the court-ordered examination before trial and defense counsel again defaulted. Several days thereafter, plaintiff moved to strike defendant’s answer and also sought costs and sanctions. The court below denied plaintiff’s motion on condition that defense counsel pay to plaintiff’s attorney the sum of $500 plus the $50 costs awarded in the prior order. The court below noted that “While this Court makes no specific finding of wilfulness, the conduct of defendant’s attorney shows such a lack of concern for court orders, proper procedure and careful handling, that it warrants the imposition on her of this requirement to compensate plaintiff’s counsel for his additional time and inconvenience resulting therefrom.” Defendant took an appeal to this court from said order and plaintiff cross-appealed seeking the imposition of more stringent costs and sanctions.
This court is therefore concerned with the underlying larger issue of whether or not a court may impose sanctions when a litigant’s counsel engages in conduct that may at best be described as frivolous or dilatory.
The past two decades have witnessed the increasing universal awareness of human rights and their concomittant legal rights. As Bertrand Russell, the late renowned philosopher, observed: “A man has a legal right when he can appeal to the law to safeguard him against injury” (Russell, A History of Western Philosophy, p 627). And that is as it should be. Alexander M. Bickel, an eminent legal scholar, now deceased, correctly stated, “Law is the principal institution through which a society can assert its values” (Bickel, Morality of Consent, p 5). To this end, *817 legal rights have been enlarged so as to provide greater access to the courts.
As a result, there has been a veritable explosion in litigation. This situation has been the subject of numerous books, articles and comments. Some commentators have referred to our society as “the litigious society”. This expansion in the exercise of legal rights and redress of wrongs has had its resultant implosive effects on judicial administration. During this entire period, as in times past, the central concern of the courts has been the prompt disposition of litigation to assure that conflicting claims are quickly resolved and legal rights promptly vindicated. To achieve this end, pretrial procedures over the years have been greatly liberalized. However, it it an unquestioned maxim that “justice delayed is justice denied.” As a device to eliminate the backlog in the various courts wrought by the avalanche of litigation, Chief Judge Cooke has implemented various strategems involving the reallocation and reassignment of Judges in the court system of the State of New York.
In the midst of this burgeoning problem, the courts have been increasingly concerned with an apparently refractory problem frustrating the ends of justice. We have in mind the irresponsible tactics of some attorneys in commencing frivolous lawsuits, resorting to needless and burdensome pretrial procedures and interposing specious argumentation and defenses, all calculated to bludgeon and browbeat an opponent into submission or to delay the prompt disposition of litigation (see comments in Goldberg v Freedman, 33 AD2d 754). As Jerome Frank, the late esteemed jurist, observed, at a time that now appears to be the more halycon days of the judicial system, “In short, the lawyer aims at victory, at winning the fight, not at aiding the court to discover the facts” (Frank, Courts on Trial, p 85).
As to the issues in the case at bar, generally it has been held that the failure of a party deposed to appear pursuant to a notice of deposition (or comply with other requests for disclosure) or court order renders said party liable to sanctions upon application of the party seeking the disclosure pursuant to CPLR 3126 (see cases collected in McKinney’s Cons Laws of NY, Book 7B, CPLR 3126, Notes, pp *818 656-666 and 1980-1981 Pocket Part, at pp 160-166; see, also, related Practice Commentaries by Prof. David Siegel, at pp 644-646; 7 Carmody-Wait 2d, NY Prac, §§ 42:190, 42:192). The authors of an authorative treatise have also pointed out that although not included within the express provisions of the CPLR, courts have adopted the “sound” expedient of merely conditionally granting the seeker of disclosure the “harsh remedies” of CPLR 3126 (i.e., striking the putative examinee’s pleading, summarily determining selected issues against the examinee, etc.) and requiring the defaulting party from whom disclosure is sought to pay specified attorney’s fees and related costs to the party and/or his attorney seeking the specified disclosure (see 3A Weinstein-Korn-Miller, NY Civ Prac, par 3126.14) . It has thus been noted that imposing such monetary conditions in an order conditionally granting relief to an applicant, “puts teeth into a statute that could easily be misused by parties seeking to delay disclosure * * * Considering that standard costs on a motion are nominal (see CPLR 8106, 2222), a party wishing to delay activity might find it worthwhile to sit back and await a conditional order that constitutes nothing more than a warning. In order to preserve disclosure as a meaningful tool in the litigation process, and to avoid the immediate imposition of the harsh remedies of CPLR 3126, including reasonable attorney’s fees in a conditional order is not an unreasonable solution” (3A Weinstein-Korn-Miller, NY Civ Prac, par 3126.14) . The situation presented in the case at bar differs in two significant respects, however, from the circumstances addressed above. In the instant case, the defaulting party is not the party against whom discovery is sought but rather the party seeking discovery (who fails to appear to conduct a court-ordered deposition). Moreover, the procedural posture in which this case arises is such that monetary conditions were not imposed in connection with an order granting relief to obtain discovery (see Johnson v Gonzalez, 60 AD2d 513; Wehringer v Douglas GibbonsHollyday & Ives, 52 AD2d 768; Nomako v Ashton, 22 AD2d 683) but rather upon application of the party from whom discovery was sought dismissing the answer of a party who had twice before failed to conduct an examination before *819 trial pursuant to court order. Research has failed to disclose a case wherein a court has granted such relief. The authors of the afore-mentioned treatise, however, have noted that the CPLR Advisory Committee had proposed a statutory addition that failure of a party seeking disclosure to appear with resulting waste of the other party’s time could be subjected to an order providing for payment of reasonable expenses and attorney’s fees. This provision was patterned after subdivision (g) of rule 30 of the Federal Rules of Civil Procedure and was omitted by the Legislature (sen 3A Weinstein-Korn-Miller, NY Civ Prac, par 3107.10). In at least one case, however, the Appellate Division, Second Department, broadly intimated that monetary relief such as that requested by plaintiff herein would not be foreclosed as a matter of law but may be available when warranted by appropriate factual circumstances (see Barouh Eaton Allen Corp. v International Business Machs. Corp., 76 AD2d 873, 875). Further authority for granting such relief may also be garnered from CPLR 3103 which provides that the court may at any time on its own initiative, or on motion of any party or witness, make a protective order which shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts (see, also, 7 Carmody-Wait 2d, NY Prac, § 42:171).
Apart from the foregoing, we are aware that the Court of Appeals has indicated that an attorney and his client may be sued for abuse of process because of oppressive use of subpoenas (Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397; however, see, Drago v Buonagurio, 46 NY2d 778).
It is clear from our discussion that we do not construe the duty of lawyers to zealously safeguard the rights of their clients to confer upon them the unbridled prerogative to trespass upon the orderly functioning of the courts or upon the rights of others (see Code of Professional Responsibility, EC 7-1, EC 7-4; 7 CJS, Attorney and Client, § 53). We believe the time has come to avert the lamentations of some men of fifth century Athens that “Justice represents the interests of the stronger” (Russell, A History of West *820 ern Philosphy, p 79) or, contemporaneously, the interests of the frivolous or the irresponsible.
Although stated in a different context a long time ago, the following comments by the then Chief Judge Huger in Forstman v Schulting (108 NY 110, 112) appear relevant: “It has been the uniform practice of the courts to exercise summary jurisdiction over the conduct of parties and attorneys, in actions pending in court, and enforce obedience to orders and directions made by it, in the interest of fair dealing and honesty, to protect all parties or persons whose rights have been affected by the litigation.” We-also agree with the observation of Judge Dugan, of Yates County Court, that: “Under the inherent powers doctrine a court has all powers reasonably required to enable a court to perform efficiently its judicial functions, to protect its dignity, independence and integrity, and to make its lawful actions effective” (Matter of People v Little, 89 Misc 2d 742, 745, affd 60 AD2d 797). It may well be that the time has come for courts, pursuant to their inherent powers (see, also, Judson v Three D Bldg. Corp., 18 AD2d 232, 236; 20 Am Jur 2d, Courts, §§ 78, 79), to impose sanctions upon parties and/or their attorneys who frustrate the expeditious disposition of appropriate litigated matters by engaging in dilatory or frivolous conduct during the course of litigation calculated to impede the orderly administration of justice and cast an undue burden on the Judges and their supporting staff (see Freedman and Brown, The Frivolous Suit and Frivolous Defense, NYU, Dec. 4,1979, p 1, col 2, for an extended discussion of the issues touched upon herein). The court should, therefore, have available to it options such as the terms sought by plaintiff herein to encourage due regard and concern for the sanctity of the judicial process (cf. Mills v Capello, 6 AD2d 841).
However, it is our view that the interests of justice will best be served by modifying the order of the court below as indicated.
Jones, J., concurs; Pino, P. J., taking no part.
Order modified by reducing the $500 costs imposed to $250 and, as so modified, affirmed, without costs.