OPINION OF THE COURT
Alan D. Marrus, J.
This case presents for review the propriety of a court order *931 requiring the defense at the beginning of trial, immediately prior to jury selection, to furnish a list of prospective defense witnesses to the court and the District Attorney and the sanctions which may be imposed upon the defense for violation of such a court order. The defense has challenged this court’s order to supply a witness list to the court and District Attorney immediately prior to jury selection, contending that compliance with the order would violate the defendant’s privilege against self-incrimination. The defendant’s claim has no merit.
The defendant has been indicted for the crimes of sodomy in the first degree (eight counts) and endangering the welfare of a child (two counts). It is alleged that he forced his nine-year-old son and seven-year-old daughter to engage in acts of oral sex with him. Both the District Attorney and the defense have announced their readiness for trial and a jury panel is about to be summoned. The District Attorney has furnished the court with a witness list, but the defense has refused to do so, asserting a 5th Amendment privilege in this information. The defense has offered to disclose its witness list to the jury panel out of the presence of the District Attorney. If this, offer is rejected, the defense asserts it has no witness list to disclose at this time.
The defendant’s position has no support in law. One of the basic functions of voir dire is to determine whether any of the prospective jurors is related to or knows one of the parties or lawyers in the case or a prospective witness. CPL 270.20 (1) (c) provides that a juror may be challenged for cause if: "He is related within the sixth degree by consanguinity or affinity to the defendant, or to the person allegedly injured by the crime charged, or to a prospective witness at the trial, or to counsel for the people or for the defendant; or that he is or was a party adverse to any such person in a civil action; or that he has complained against or been accused by any such person in a criminal action; or that he bears some other relationship to any such person of such nature that it is likely to preclude him from rendering an impartial verdict”. (Emphasis added.)
The only way this issue can be addressed by the court is through disclosure to the prospective jurors of the names of all prospective witnesses. Indeed, it is up to the court "to bring to the forefront, at the very beginning, the existence of any relationship between a prospective juror and a witness, which, if undetected at the time of jury selection, could prevent a fair trial. This [permits] counsel, at that early stage *932 of the case, to offer a challenge for cause and to obtain the exclusion of such prospective juror where such relationship exists” (People v Boyd, 74 AD2d 647, 648 [2d Dept 1980], affd 53 NY2d 912 [1981]). The proper procedure for the trial court to follow is that the "names of prospective witnesses should be obtained from the attorneys outside the presence of the jury and presented to prospective jurors during voir dire without attribution to either party” (People v Boyd, 53 NY2d 912, 913-914 [1981], supra). That is exactly the procedure which the court intends to follow here.
Use of this procedure will not violate the defendant’s privilege against self-incrimination. The court’s order does not compel the defendant to reveal evidence of criminal activity; nor does it compel the defendant to give testimony. No "testimonial declarations” of the defendant are involved (cf. People v Copicotto, 50 NY2d 222, 229 [1980]). The defendant is being directed solely to furnish the names of witnesses he may call to testify at some future time. "[T]he 'testimonial’ disclosures protected by the Fifth Amendment include only statements relating to the historical facts of the crime, not statements relating solely to what a defendant proposes to do at trial” (Williams v Florida, 399 US 78, 86, n 17 [1970]).
Nor is there a constitutional violation in requiring disclosure of prospective witnesses prior to jury selection. The mere disclosure of witnesses’ names immediately prior to jury selection cannot prejudice the defense, absent extraordinary circumstances. Either the District Attorney will recognize the names or he will not. If he does recognize them, then he will already have been aware of their existence, and disclosure of their names will add nothing to that which he already knows. If he does not recognize them, the names alone will mean nothing to him. Even if the court were to assume that disclosure of the names alone of prospective defense witnesses might tip off the defense in the case, there would be no constitutional violation. "Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State’s case before announcing the nature of his defense, any more than it entitles him to await the jury’s verdict on the State’s case-in-chief before deciding whether or not to take the stand himself’ (Williams v Florida, supra, at p 85).
In People v Boyd (supra), the Appellate Division specifically rejected the identical 5th Amendment claim being advanced by the defense here. "There is * * * no inherent violation of *933 the defendant’s right against self incrimination by calling upon him to reveal, with appropriate precautions, the names of the prospective witnesses he may call to testify” (People v Boyd, 74 AD2d, at pp 648-649, supra).
The court order in this case is, therefore, appropriate and constitutional. The defendant’s persistent refusal to comply with the order requires consideration of an appropriate sanction. What should the penalty be for refusal by the defense to comply with a lawful and constitutional order requiring the defense to furnish the court with a list of prospective witnesses immediately prior to jury selection? No ideal remedy exists.
In fashioning a sanction, the court must be sensitive to the fact that the District Attorney is being deprived of his right to question prospective jurors about their relationship to witnesses the defense may call, while the defense, armed with a list of prospective prosecution witnesses, will have such a right. Only the trial court can protect the People’s right here —no right of appeal or article 78 relief is available to the People to challenge a trial court unwilling to give evenhanded treatment to the People in the jury selection process (see, Matter of State of New York v King, 36 NY2d 59 [1975]).
A further consideration is the increased likelihood that a mistrial may result from a belated recognition by sworn jurors of defense witnesses. A defendant’s refusal to comply with a lawful court order thereby increasing the chances for a mistrial is a serious matter. Particularly in this case where the complainants are young children, the court must aggressively pursue all legal and constitutional means to assure that the case is tried once and tried right.
Finally, the court must look for the least severe remedies available to cure the prejudice caused by the noncompliance of the defense. "Less drastic” sanctions are to be employed first considering the degree of fault, the prejudice to the opposing party, and the overriding concern that both parties receive a fair trial (see, People v Kelly, 62 NY2d 516 [1984]).
With these factors in mind, the court believes that the first sanction to be employed, if refusal to comply persists, should be directed at the lawyer for the defendant. It is universally accepted that "courts have authority to issue appropriate orders to members of its bar in the enforcement of their rules, and may impose appropriate sanctions when conduct of an attorney rises to unethical dimensions or violates a court rule *934 or order” (7 CJS, Attorney and Client, § 58, at 935-936). "However misguided and erroneous the court’s order may [be, a defense lawyer is] not free to disregard it and decide for himself the manner in which to proceed” (Matter of Balter v Regan, 63 NY2d 630, 631 [1984], cert denied 469 US 934 [1984]).
The first sanction this court will consider, therefore, is to hold defense counsel in contempt if he persists in his refusal to comply with the court’s order directing him to furnish a prospective witness list to the court and the District Attorney. Punishment for contempt is authorized "for disobedience to a lawful mandate of the court” (Judiciary Law § 753 [A] [1]). That is exactly the situation which is developing here.
Hopefully the court will not have to invoke its contempt power — it does not relish the prospect of holding in contempt an upstanding member of the bar who is attempting to represent his client in a forceful and diligent manner. Nevertheless, this court does "not construe the duty of lawyers to zealously safeguard the rights of their clients to confer upon them the unbridled prerogative to trespass upon the orderly functioning of the courts or upon the rights of others” (Karutz v Chicago Tit. Ins. Co., 112 Misc 2d 815, 819 [Sup Ct, App Term 1981]).
If the penalty of contempt proves inadequate to induce the defense to abandon its persistent refusal to comply with the order for a witness list, then the court may have no choice but to consider an even more extreme sanction — preclusion. The court recognizes that preclusion is an extreme sanction which "is warranted only where undue prejudice will result from the failure to produce” (People v Kehn, 109 AD2d 912, 914 [3d Dept 1985]).
The defense should be aware that refusal to furnish the court and the District Attorney a witness list, even on pain of contempt, will force the court to conduct an inquiry after the People have rested their case if the defense offers to present any witnesses other than the defendant. Before the witness will be allowed to testify, the court will inquire of the jury whether anyone is related to or knows the prospective witness. If no one does, that will be the end of the matter and the witness will be permitted to testify.
If, however, someone on the jury is related to or does know the witness, the court will permit the District Attorney to voir dire the person on the relationship. Should the juror have such a relationship to the witness that a challenge for cause *935 would have been in order at the outset of the trial, the court would then be compelled on the District Attorney’s motion to either remove the juror or to preclude the witness from testifying. If removal of the juror would result in a mistrial or create an imminent risk of mistrial, the preclusion of the witness’ testimony would be the only viable option to redress the "undue prejudice” to the prosecution, resulting from the defendant’s persistent refusal to comply with a lawful order. Preclusion will only be considered as a sanction of last resort to avert a mistrial.
The requirement that both sides furnish the court with a witness list immediately prior to jury selection enhances the opportunity to select a fair and impartial jury and diminishes the risk of a mistrial resulting from relationships between sworn jurors and witnesses uncovered in the middle of trial. No constitutional right of the defendant is violated by requiring him to furnish such a list. Refusal to furnish a prospective witness list may lead to a contempt citation for defense counsel and, should that fail to achieve compliance with the court’s order, preclusion of defense witnesses’ testimony will be considered as a last resort.
The defense is again directed to furnish the court and the District Attorney a list of prospective witnesses.