■ In the Matter of the Estate of William Kanter, Deceased. [618 NYS2d 794] —Decree, Surrogate's Court, New York County (Renee Roth, S.), entered on or about August 12, 1993, which, upon a stipulation of settlement entered in open court on March 12, 1993, directed that the will of the decedent, William Kanter, be admitted to probate, unanimously affirmed, without costs.

It is well settled that stipulations of settlement are judicially favored and may not be lightly set aside *(Daniel v Long Is. Univ.,* 184 AD2d 350, 352), particularly in the case of an "open court" stipulation pursuant to CPLR 2104, because "strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" *(Hallock v State of New York,* 64 NY2d 224, 230). A stipulation of settlement made by counsel in open court will bind a client even where it exceeds counsel's actual authority, provided

counsel had apparent authority to enter into the agreement *(supra,* at 231). "Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" *(supra,* at 230).

The Surrogate's Court properly determined that the stipulation of settlement made by counsel in open court complied with CPLR 2104, and was binding upon the Objectants. The record reveals that counsel, who appeared as counsel for the attorney of record for the Objectants, had the requisite authority to settle the probate contest, and further reveals that the alleged coercion was unsubstantiated. Specifically, the Objectants' own papers establish that the attorney had actual and express authority to settle the probate contest.

Nor did the Surrogate's Court direction that the parties proceed to trial constitute coercion or duress, since courts have inherent power to control their calendars and the disposition of court business *(Judson v Three D Bldg. Corp.,* 18 AD2d 232, 236), and since the Objectants failed to establish duress by showing circumstances which prevented the exercise of their free will *(Heimuller v Amoco Oil Co.,* 92 AD2d 882, 884). Concur—Sullivan, J. P., Ellerin, Kupferman and Asch, JJ.