483 S.E.2d 89

**STATE ex rel. David A. HILL, Defendant Below, Petitioner,**

v.

**Honorable Jeffrey B. REED, Judge of the Circuit Court of Wood County, Respondent.**

**No. 23810.**

Supreme Court of Appeals of West Virginia.

Submitted Nov. 19, 1996.

Decided Dec. 18, 1996.

George J. Cosenza, Cosenza & Underwood, Parkersburg, for Petitioner.

**90**

John M. Hedges, Byrne & Hedges, Morgantown, for Respondent.

Michelle Rusen, C. Scott Druig, Wood County Prosecutor's Office, for the State.

PER CURIAM:

David A. Hill (hereinafter "the Petitioner") seeks a writ of prohibition against the Honorable Jeffrey B. Reed, Judge of the Circuit Court of Wood County, West Virginia, to prohibit Judge Reed from requiring the Petitioner to disclose the defense witness list to the lower court on the first day of trial. We [1] deny the requested writ of prohibition.

### I.

The Petitioner was indicted by a Wood County Grand Jury in May 1996 and charged with sexual abuse, abuse by a custodian, and sexual assault. The Petitioner and his counsel decided not to seek disclosure of the State's evidence pursuant to Rule 16 of the West Virginia Rules of Criminal Procedure, thereby not obligating the defense to make a reciprocal disclosure as contemplated by Rule 16.[2] On October 25, 1996, four days prior to the scheduled trial date, the State requested the lower court's guidance on the issue of accomplishing proper voir dire where the names of potential witnesses had not been disclosed and the jury could not, therefore, be asked about any acquaintance with those witnesses. The lower court responded by stating that both sides would provide the court with a copy of their witness lists. After further discussion and objection by the

Petitioner's counsel, the lower court explained its obligation to ensure a fair and orderly trial and again stated its ruling that both sides were to present a list of witnesses to the court on the first day of trial.

On October 28, 1996, the Petitioner filed a petition for a writ of prohibition with this Court, stating that the lower court had ordered "the State and the Petitioner to exchange a list of witnesses prior to the commencement of voir dire." We granted the petition and subsequently received an order of the lower court dated November 21, 1996,[3] stating as follows:

> [C]ounsel for the State and the defendant shall, on the first day of trial, provide to the Court a list of the names and addresses of the witnesses each side intends to call during the trial in this matter to enable the Court to read those witnesses names and addresses to the prospective jurors in this case. It is further ORDERED that failure to list a potential witness may cause such witness to be excluded from testifying.

The Petitioner contends that his tactical scheme was designed to prevent the very disclosure now ordered by the lower court and that the premise of Rule 16 permits the Petitioner to protect himself from the requirement of disclosure by not first requesting disclosure by the State. The Petitioner's argument portrays the lower court as trouncing upon its discovery rights and thwarting the very essence of Rule 16.

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996, and continuing until further order of this Court.

2. Rule 16 basically permits discovery by the State only if the defendant has already requested and received certain things and provides, in pertinent part, as follows:

(D) Defense Witnesses. **If the defendant requests disclosure** under subdivision (a)(1)(F) of this rule, upon compliance with such request by the state, **the defendant, on the request of**

**the state, shall furnish the state with a list of the names and addresses of the witnesses the defendant intends to call in the presentation of the case in chief.** When a request for discovery of the names and addresses of witnesses has been made by the state, the defendant may be allowed to perpetuate the testimony of such witnesses in accordance with the provisions of Rule 15.

W. Va. R.Crim. P. 16(b)(D) (emphasis supplied).

3. A final order had not been entered at the time of the filing of Mr. Hill's petition, but was hastily entered when the Court made inquiry as to its existence. We remind practitioners that this Court will not entertain a petition for a writ of prohibition unless a final order has been entered by the lower court.

## II.

The Petitioner attempts to frame this as a discovery, rather than a voir dire, issue. Rule 16 provides guidelines to be utilized during discovery, but it does not limit the trial judge's authority to order disclosure necessary for proper and comprehensive voir dire.

In *People v. Cangiano,* 131 Misc.2d 930, 502 N.Y.S.2d 349 (N.Y.Sup.Ct.1986), the defense challenged a court order requiring it to furnish a list of its prospective witnesses immediately prior to jury selection. The court held that disclosure was proper and that the appropriate sanction for refusal to comply was to hold defense counsel in contempt and to consider preclusion of the non-disclosed witness' testimony. *Id.* The court also held that disclosure of names of all prospective witnesses is required to determine whether any prospective juror is related to or knows one of the witnesses and that disclosure immediately prior to jury selection does not prejudice the defense. *Id.*

Although we have not been previously provided the opportunity to make specific conclusions such as those in *Cangiano,* we have addressed the necessity of ascertaining any relationship between a prospective juror and a witness and have acknowledged that names of witnesses need to be known in order to discover potential biases which could taint the trial. In *State v. Satterfield,* 193 W.Va. 503, 457 S.E.2d 440 (1995), the prospective juror was ultimately permitted to remain of the jury despite his friendship with four State witnesses after the trial judge repeatedly questioned juror about his impartiality and the juror repeatedly assured trial judge that he could remain impartial. 193 W.Va. at 514, 457 S.E.2d at 451. However, the issue of the relationships had to be revealed and addressed prior to the decision to allow him to remain. That could not have been accomplished without disclosure of the names of the potential witnesses.

Likewise, the issue of possible prejudice was raised in *Dupuy v. Allara,* 193 W.Va. 557, 457 S.E.2d 494 (1995), where the wife of a prospective juror in a medical malpractice action had been the patient of a physician who was an expert witness for the physician against whom the action was brought. Again, it was ultimately determined that the juror was free from bias, based upon his statements that he knew the physician by sight but not as friend, that he did not have personal relationship with him, and that his relationship with the physician would not create any bias in favor of the physician. 193 W.Va. at 562–63, 457 S.E.2d at 499–500.

In syllabus point one of *State v. Kilpatrick,* 158 W.Va. 289, 210 S.E.2d 480 (1974), we explained that "[t]he true test as to whether a juror is qualified to serve on the panel is whether without bias or prejudice he can render a verdict solely on the evidence under the instructions of the court." *See also State v. Storey,* 182 W.Va. 328, 387 S.E.2d 563 (1989); Syl. pt. 7, *State v. Neider,* 170 W.Va. 662, 295 S.E.2d 902 (1982); Syl. pt. 3, *State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1981). In syllabus point three of *State v. Pratt,* 161 W.Va. 530, 244 S.E.2d 227 (1978), we stated: "Jurors who on *voir dire* of the panel indicate possible prejudice should be excused, or should be questioned individually either by the court or by counsel to precisely determine whether they entertain bias or prejudice for or against either party, requiring their excuse."

As we imparted in *West Virginia Human Rights Commission v. Tenpin Lounge, Inc.,* 158 W.Va. 349, 211 S.E.2d 349 (1975):

*Voir dire* examination is designed to allow litigants to be informed of all relevant and material matters that might bear on possible disqualification of a juror and is essential to a fair and intelligent exercise of the right to challenge either for cause or peremptorily. Such examination must be meaningful so that the parties may be enabled to select a jury competent to judge and determine the facts in issue without bias, prejudice or partiality. As said in *State v. Stonestreet,* 112 W.Va. 668, 166 S.E. 378 (1932), quoting from *State v. Lohm,* 97 W.Va. 652, 125 S.E. 758 (1924), "Another requisite of a fair trial is a fair jury." Clearly, then, a fair trial requires a meaningful and effective *voir dire* examination.

158 W.Va. at 353, 211 S.E.2d at 353.

West Virginia Code § 56–6–12 (1966), provides as follows:

Either party in any action or suit may, and the court shall on motion of such party, examine on oath any person who is called as a juror therein, to know whether he is a qualified juror, or is related to either party, or has any interest in the cause, or is sensible of any bias or prejudice therein; and the party objecting to the juror may introduce any other competent evidence in support of the objection; and if it shall appear to the court that such person is not a qualified juror or does not stand indifferent in the cause, another shall be called and placed in his stead for the trial of that cause. And in every case, unless it be otherwise specially provided by law, the plaintiff and defendant may each challenge four jurors peremptorily.

None of the above-referenced issues could be properly resolved if witness lists could not be obtained prior to voir dire, nor could the statutory mandate be realized without such disclosure. Although the Petitioner has chosen to frame this as a discovery matter rather than a voir dire matter, the presence of a discovery rule regarding circumstances under which the State can obtain discovery from the defense does not abrogate or diminish the necessity for complete information relative to the proper choosing of a jury. Based upon the practical necessity of disclosure of names of prospective witnesses, we find that the lower court was well within its discretion in ordering the State and the Petitioner to provide the court with a list of names and addresses of their witnesses on the first day of trial. We therefore deny the requested writ.

Writ denied.

Judge RECHT sitting by temporary assignment.