### VILLARD v. MOYER.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

CONTRACTS—CONSTRUCTION—PARTIES—JOINT AND SEVERAL.
    Where parties agreed to carry for the benefit of another a designated amount of corporate stock pro rata according to the amount of their respective interests in the corporation for a certain period, the one for whose benefit it was carried to take it up during that period, the obligation was several as to the number of shares to be carried by each, and a party to the agreement was entitled to sue for failure to take up the shares carried by him, without joining the others.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 780–789.]

Appeal from Special Term, Westchester County.
Action for breach of contract by Harold G. Villard against William L. Moyer. Judgment for plaintiff (104 N. Y. Supp. 537), and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

C. N. Bovee, for appellant.
Wm. M. Wherry, Jr., for respondent.

RICH, J. This action was brought by plaintiff, as assignee of Goldsborough, Villard & Warner, to recover damages for breach of a written contract in the form of a letter as follows:

                                                    "8th November, 1902.
    "Thos. H. Hubbard, Esq., No. 25 Broad Street, New York City—Dear Sir: I beg to say that after leaving you yesterday afternoon I saw Mr. Moyer and Mr. Haley Fiske, and definitely closed the matter with them on the basis

agreed to by you and me, to wit: Mr. Moyer is to take the presidency of the banking corporation. He is to be assured of the presidency for five years, with the hearty support of all interests; salary $25,000 per year. The Metropolitan Life Insurance Company, you, and my firm are to carry for Mr. Moyer's benefit one thousand (1,000) shares of the capital stock of the banking corporation for a period not to exceed three years, and at an interest rate not exceeding 5 per cent. per annum. Mr. Moyer is to take up same from time to time as it is convenient for him to do so, paying therefor the cost price of the stock to us and interest upon the same at the rate of five per cent. (5%) per annum up to the time he takes up the stock. This stock is to be carried by the parties named pro rata according to the amount of their respective interests in the banking corporation.

"Very truly yours,　　　　　[Signed]　　　　　G. C. Warner.
"We agree to the above.
"[Signed]

W. L. Moyer.
"Metropolitan Life Insurance Co.
"Thos. H. Hubbard.
"Goldsborough, Villard & Warner."

The only breach of the contract alleged consisted in the refusal of the defendant to take up one-sixth of the 1,000 shares of stock tendered by plaintiff's assignors, who had carried the same for over three years. The only question presented for our consideration arises upon a demurrer to the complaint upon the ground of defect of parties plaintiff. The learned justice at Special Term overruled the demurrer, holding that the contract obligation of the plaintiff's assignors, the insurance company and Hubbard, was several as to the extent and number of shares of the banking stock each was to carry for defendant's benefit, from which it followed that the complaint stated a cause of action against the defendant. This ruling was clearly right, and in such an action it is not necessary to join the other contracting parties having no interest or right in the cause of action alleged.

The interlocutory judgment must be affirmed, with costs. All concur.

GAYNOR, J. (concurring). Three agree to carry 1,000 shares of stock for the defendant for three years, not all to carry the 1,000 shares, however, but each to carry a stated proportion thereof, and the defendant to take and pay for the same within the three years. This was a several obligation of each to him, and of him to each.