■ S. G. DONZELLA, Doing Business as " DONZELLA'S GARAGE ", Respondent, v. NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 34151.) NYACK NASH CORP., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 34391.) NYACK NASH CORP., Respondent, v. NEW YORK STATE THRUWAY AUTHORITY, Appellant. (Claim No. 35358.) — This is an appeal by the New York State Thruway Authority from an order of the Court of Claims which denied its motion to consolidate two actions against it for wrongful termination of a contract but directed the claims to be tried together. Claimant Donzella is the owner of a garage in North Tarrytown and claimant Nyack Nash Corporation conducts a garage in Nyack. In December, 1955 they entered into a contract with the Authority wherein they were given the exclusive right to render emer-

gency towing and repair services on sections of the Thruway extending on the east side of the Hudson River from the Yonkers' Toll Barrier to the eastern entrance of Hudson River Bridge at Tarrytown and on the west side of the river from the bridge to Milepost 22 near Spring Valley, Rockland County. Among other conditions, claimants agreed to abide by a schedule of maximum charges to users of the Thruway, to render adequate service, and to pay to the Thruway monthly approximately 10% of the gross receipts from such services. In June, 1956 the Authority terminated the contract. Claimants have filed separate claims in the Court of Claims against the Authority (see Public Authorities Law, § 361-b, as added by L. 1954, ch. 517), to recover damages for wrongful termination of the contract, the term of which was to run until December, 1960. Donzella's claim alleges the contract provided that he and Nyack were given the right to service the sections described above on both sides of the river. Nyack's claim, on the other hand, alleges it was given the right to render services on the section on the west side of the river. Both seek damages in slightly different amounts for the cost of additional equipment and for lost profits. The Authority moved to consolidated the actions pursuant to section 96 of the Civil Practice Act, on the ground the contract created a joint duty and joint rights for the enforcement of which there is but a single cause of action. Donzella did not oppose the motion. Nyack contends the contract created separate rights and duties in that its interest in the subject matter was limited to rendering services to the western section. It argues the Authority through one of its representatives explained prior to the execution of the contract that a separate contractor was required on each side of the river for the sections involved; that the claimants were not joint adventurers and had no agreement to pool their property in performing the contract or to divide profits, and that in its dealings with them subsequent to the execution of the contract the Authority treated them as separate contractors. It contends that consolidation cannot be effected herein without prejudicing a substantial right. In denying consolidation, the Court of Claims said: " Although there was a common undertaking involved, by virtue of the conditions imposed upon both claimants * * * nevertheless, there was no joint venture, and each claimant acted independently of the other." While the rule is well settled that when two or more persons undertake an obligation they undertake jointly, unless there are words of severance sufficient to overcome the presumption of a joint duty (*United States Printing & Lithograph Co.* v. *Powers*, 233 N. Y. 143, 152–153), when persons jointly benefited seek to enforce their rights, it is said the court must look to the interest which the parties seek to protect (see 2 Williston, Contracts [rev. ed.], § 325). In *Emmeluth* v. *Home Benefit Assn.* (122 N. Y. 130, 134), it was said: " The action follows the nature of the interest, and when that is several, separate actions may be maintained, even if the language of the promise is joint." Whether Nyack's interest extended only to half of the territory involved in this contract and the Authority's promise of exclusive privileges was a separate one as to Nyack's due performance in that section constitute substantial issues, which should not be decided on this procedural motion and require a more extensive examination than a motion for consolidation affords. Even though the appellant's argument on joint rights and duties is a persuasive one (but cf. *Heatter* v. *Day Pub. Co.*, 181 App. Div. 888; *Villard* v. *Moyer*, 123 App. Div. 629; Restatement, Contracts § 128), it is not a valid reason to consolidate the claims involved herein or a proper basis for the relief sought. The motion to consolidate was not the proper one to reach the issue tendered by the Attorney-General. If appellant's position is correct, i.e., that the rights of claimants are joint, it should have moved to add one of the claimants to the other's action as an indispensable party thereto. The proper and the exclusive motion for nonjoinder of an indispensable party is a motion under rule 102 of

the Rules of Civil Practice to add a party (see *Carruthers* v. *Waite Mining Co.,* 306 N. Y. 136, 141–142; Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 181, 188–190). On this record we see no reason to disturb the decision of the trial court. Order unanimously affirmed, with $10 costs to respondent. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.