CHRIST S. ALEXANDER et al., Respondents, v JAMES R. WHEELER et al., Appellants, et al., Defendant.—Judgment unanimously reversed, on the law and facts, with costs, and complaint dismissed. Denman, J., not participating. Memorandum: Defendants-appellants James R. Wheeler, Beverly A. Wheeler, Agnes Bauer, Gordon D. Bauer, and Bryan Bauer appeal from a judgment directing that they specifically perform an alleged contract entered into by them with plaintiffs to convey a summer camp at the price of $13,500. Defendant Grace Prestel has not appealed. The six defendants held title to the subject property as joint tenants. On May 27, 1975 plaintiffs met with defendants-appellants James R. Wheeler, Beverly A. Wheeler, Agnes Bauer and Gordon D. Bauer, all of whom accepted a purchase offer executed by plaintiffs. Plaintiffs made a $500 down payment. It was agreed by all that it would be necessary to obtain the signatures of the other two joint tenants in order to convey the property to plaintiffs. On the following day Beverly Wheeler informed plaintiffs that defendant-appellant Bryan Bauer had signed the agreement but that defendant Grace Prestel had refused to do so. Within a week plaintiffs were notified that defendants-appellants no longer wished to make the sale, and the $500 deposit was returned. In July, 1975 plaintiffs obtained defendant Grace Prestel's signature on the agreement. They brought this action demanding judgment that defendants specifically perform the agreement of sale and convey the property to plaintiffs. The trial court granted the requested relief. We find that the parties to the agreement contemplated joint performance by all six owners. As stated in the leading New York Court of Appeals case, *United States Print. & Lithograph Co. v Powers* (233 NY 143, 152): "It is a general rule so well established as not to require extended discussion that promises by two or more persons create a joint duty unless the contrary is stated. It is a general presumption of law that when two or more persons undertake an obligation they undertake jointly, words of severance being necessary to overcome this primary presumption." (See, also, *Clayman v Goodman Props.,* 518 F2d 1026; *Welch v Sherwin,* 300 F2d 716, 718; *St. Regis Paper Co. v Stuart,* 214 F2d 762, 766, cert den 348 US 915; *Donzella v New York State Thruway Auth.,* 7 AD2d 771; *Lasky v Lissik,* 140 Misc 826.) The agreement before us contains no word of severance. Nor does the testimony indicate that it was the intention of the parties that any individual co-owner undertake a several obligation. On the contrary it is undisputed that the parties intended that all six co-owners join in conveying the property. The implied finding by the trial court that the five joint owners who first signed the

agreement meant to convey their interests separately rather than jointly with Grace Prestel has no support in the record. Inasmuch as the agreement, under the rule of *United States Print. & Lithograph Co. v Powers (supra),* was a joint agreement to be jointly performed by all six co-owners, acceptance by all was required before a binding contract came into existence *(Cochran v Blout,* 161 US 350; *Jasperson v Bohnert,* 243 Iowa 1275; *Morris v Wilson,* 187 Md 217; *Stout v Porritt,* 250 Mich 13; *Axe v Potts,* 349 Pa 345; Ann., 154 ALR 767). Absent defendant Grace Prestel's signature the contract was incomplete and defendants-appellants properly rescinded their acceptance by notifying plaintiffs of their rescission and returning plaintiffs' deposit before Grace Prestel signed. There was never a contract in effect which could have been specifically enforced. *Warren v Hoch* (276 App Div 607), in which the purchaser relied on the representation of one co-owner that he had the authority to sign the memorandum of sale on behalf of another co-owner who subsequently refused to convey his interest, is not applicable to the case at bar. Here it was clear that all had to sign in order to convey the entire fee, and there was no misrepresentation of authority to sign for another. (Appeal from judgment of Herkimer Supreme Court—specific performance.) Present—Marsh, P. J., Hancock, Jr., Denman, Schnepp and Witmer, JJ.