■ ROBERT D. SCHNEIDER et al., Respondents, v VINCENT D. BYTNER et al., Appellants. — Appeal from an amended judgment of the Supreme Court in favor of plaintiffs, entered February 18, 1983 in Albany County, upon a verdict rendered at Trial Term (Travers, J.).

Plaintiff attorneys, Robert D. Schneider and Morris Bloomberg, were retained by defendants, Vincent D. Bytner and his wife, Eugenia Bytner, the executrix of the estate of the deceased, Theodore Kaley, to provide legal services in connection with the contested probate of the last will and testament of Kaley. Trial proceedings in Albany County Surrogate's Court culminated in a compromise settlement on November 18, 1971.

Thereafter, when defendants refused to pay plaintiffs' bill for legal services rendered in the sum of $15,405.34, the present action was commenced. The complaint states two causes of action, one for the reasonable value of plaintiffs' professional services and a second for an account stated. The second action was dismissed before the matter was submitted to the jury. The jury returned a verdict in favor of plaintiffs in the sum of $11,905.34.

On this appeal, defendants contend that the trial court committed reversible error by permitting testimony concerning Vincent Bytner's reputation, and, further, by failing to charge that a verdict in favor of plaintiffs could be against one or both of defendants. We disagree.

During the course of the trial, Bloomberg testified that he was reluctant to be retained as trial counsel "because of Mr. Bytner's reputation". Defense counsel requested that he be permitted to approach the Bench. The Trial Judge indicated to counsel that while Bloomberg's testimony as to how he was retained by his cocounsel was relevant, testimony about Bytner's reputation in the community would be inadmissible. Defense counsel did not register an objection to Bloomberg's testimony, nor did he request that the testimony be stricken or that the jury be instructed to disregard it. Further, the case of *Beach v Richtmyer* (275 App Div 466), decided by this court and relied upon by defendants, is inapposite. In *Beach,* three witnesses were asked to testify as to the general reputation in the community of a party to the action. Clearly, such testimony in a civil case, when the character of a party is not at issue, is inadmissible. Here, where the sole issue is whether defendants are responsible for the payment for legal services admittedly rendered, the inadvertent reference to a party's reputation, without characterizing it to be good or bad, is not so prejudicial as to require reversal of a trial judgment.

Next, defendants' contention that the trial court erred in failing to instruct the jury that recovery on the part of plaintiffs could have been against one or more of defendants, for one or both of plaintiffs, or that Bloomberg's fees were the responsibility of plaintiff Schneider, is without merit. This is an action for breach of a contract. A contractual obligation entered into by more than one person is always presumed to be joint unless the contrary is stated (*Alexander v Wheeler,* 64 AD2d 837). At trial, defendants did not claim that their responsibility was joint or several. Their sole contention was that it was their understanding that plaintiffs' fees would be paid out of the estate. This position is wholly untenable in light of the advice of the attorney appointed guardian ad litem for defendants' three minor children, who were named beneficiaries in the Kaley will, that plaintiffs' fees could not be paid from the estate without an order of the Surrogate. No application for such an order was ever made. Since defendants did not present any proof that their contractual obligation was meant to be several, or joint and several, it must be presumed that they agreed to accept the obligation of their agreement with plaintiffs jointly.

Lastly, while defendants asserted in their amended answer the affirmative defense that the alleged agreement set forth in plaintiffs' complaint was a special promise to answer for the debt of another, the estate of Kaley, and that neither said agreement nor any note or memorandum was ever made in writing and subscribed by defendants or by their lawful agents, they offered no proof at trial to support this position and the record is barren of any showing that the trial court decided this issue as a matter of law. However, it is clear that the promise of defendants alleged in the complaint is not violative of the Statute of Frauds. At the time of the promise, no debt to anyone was chargeable to the estate.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Levine, JJ., concur.