■ GLEN FELD, Appellant, v JOHN GORDON et al., Respondents.—In an action, *inter alia,* for specific performance of a binder agreement, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winick, J.), entered February 8, 1988, which, after a nonjury trial, is in favor of the defendants and against him dismissing the first, third and fourth causes of action of the complaint, and, pursuant to the second cause of action, declaring that the plaintiff is not entitled to specific performance of the binder agreement.

Ordered that the judgment is affirmed, with costs.

The plaintiff seeks specific performance of a binder agreement purporting to sell certain premises located in Long Beach, Long Island. The defendants, who were formerly husband and wife, own the property as tenants in common. Concluding that the parties' agreement was ambiguous, the trial court found credible the testimony of the defendant John Gordon that the parties intended to sell the entire premises, rather than his individual interest. The court further found credible the testimony that the sale was contingent upon obtaining the consent of the defendant Kathleen Urban. We accept these findings *(see, Gunn v Gunn,* 143 AD2d 393). Based upon the credible evidence in the record, the binder agreement contemplated joint performance *(see, Alexander v Wheeler,* 64 AD2d 837). Having failed to obtain the defendant Kathleen Urban's consent, the agreement was rendered a nullity *(see, Alexander v Wheeler, supra).* Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.