■ SHARON L. DANIEL, Appellant, v LONG ISLAND UNIVERSITY, Respondent.—Order of the Supreme Court, New York County (Harold Tompkins, J.), entered November 1, 1990,

which granted plaintiff's *pro se* motion to reargue and, upon reargument, adhered to its prior order of March 16, 1990 granting defendant's motion to compel arbitration and dismissing the complaint, unanimously modified, on the law, without costs, to the extent of vacating so much of the order as directs the parties to proceed to arbitration and reinstating the second cause of action sounding in conversion and remanding the matter for further proceedings.

Pursuant to an agreement dated June 6, 1988 which settled a dispute between plaintiff and her employer, defendant Long Island University, plaintiff was granted a "discretionary annual appointment" for the academic year commencing September 1, 1988 and ending August 31, 1989. The settlement agreement contains a brief account of the grievance instituted by plaintiff, in which she alleged that the University violated the collective bargaining agreement with the American Association of University Professors "when the University failed to provide timely notice of non-reappointment to Dr. Daniel. Such non-reappointment is to be effective as of August 31, 1988." The agreement provides, *inter alia,* "Immediately upon the execution of this settlement agreement: 1. The University will issue to Dr. Daniel a Discretionary Annual Appointment for the period September 1, 1988 through August 31, 1989." The agreement further provides that plaintiff will not "raise or prosecute in any forum a grievance, complaint, or other claim, related to or arising from the matter of this grievance."

By a summons and complaint dated December 5, 1989, plaintiff alleges that defendant again breached the collective bargaining agreement by failing to give her notice of non-reappointment with respect to the termination of the period of discretionary annual employment. The complaint seeks compensatory and punitive damages for breach of contract and for conversion of personal property alleged to have been removed from plaintiff's office at the University. Defendant thereupon moved to compel arbitration, claiming that the question of adequacy of notice is a procedural question subject to arbitration under the terms of the collective bargaining agreement.

The parties contest the applicability of certain provisions of the contract based upon whether their dispute is characterized as substantive or procedural in nature. We consider this perspective entirely too narrow in that the question of arbitrability cannot be resolved without reference to the provisions of the parties' June 6, 1988 settlement agreement.

As the Court of Appeals stated in *Matter of County of Rockland (Primiano Constr. Co.)* (51 NY2d 1, 5), "It is for the

courts to determine whether the parties agreed to submit their disputes to arbitration, if so, whether the particular dispute comes within the scope of their agreement, and finally whether there has been compliance with any condition precedent to access to the arbitration forum." Our attention in this case is directed to the latter consideration.

It is irrefutable that plaintiff was granted her last year of employment pursuant to the settlement agreement, which expressly provides that it is "for the period September 1, 1988 through August 31, 1989." Plaintiff does not deny that she has received the benefit of this provision, only that she did not receive additional "notice of non-reappointment" asserted to be required by the collective bargaining agreement. However, the settlement agreement resolved a grievance brought previously by plaintiff and precludes her, by its terms, from advancing in any forum a claim "related to or arising from the matter of this grievance." As a matter of law, the present action is related to and arises from the grievance, particularly the agreement settling the dispute, and plaintiff is bound by this proscription. As a condition precedent to pursuing her claim, whether in arbitration or before the court, plaintiff is required to obtain an order vacating the stipulated settlement for good cause "such as fraud, collusion, mistake, accident, or some other ground of the same nature" (Campbell v Bussing, 274 App Div 893). However, settlement agreements are favored by the courts and are not lightly set aside (Matter of Hecht, 24 AD2d 1001).

We note further that plaintiff's argument with respect to the merits of this dispute has little substance. To the extent that notice of non-reappointment was required, it is provided by the recitation in the settlement agreement that non-reappointment is "effective as of August 31, 1988." Plaintiff concedes that the additional year of employment was granted pursuant to Article VIII of the collective bargaining agreement which is entitled "Discretionary Annual Employment" and provides that it "may be offered on an annual basis". Plaintiff in her affirmation in opposition to the motion to compel arbitration recognizes that employment pursuant to Article VIII is entirely discretionary on the part of defendant. We note, further, that it is also by definition "annual". Finally, even assuming that the notice provision of Article IX applies to appointments other than those specifically listed in Section 2 thereof (which does not include discretionary annual employment), plaintiff does not explain how defendant can be compelled to continue employment which she concedes is

discretionary. In the absence of a right to continued employment, plaintiff cannot establish actual damages.

With respect to the second cause of action for conversion, it is governed by neither the settlement agreement nor the collective bargaining agreement and states a valid cause of action. We therefore reverse Supreme Court's dismissal of the complaint as to this claim. Concur—Murphy, P. J., Carro, Ellerin, Kassal and Rubin, JJ.