■ MICHAEL SHEEHY, Appellant, v BARBARA ANDREOTTI et al., Respondents. [605 NYS2d 257] —Order and judgment (one paper) of the Supreme Court, Bronx County (Hansel McGee, J.), entered December 8, 1992, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, to the extent appealed from, and the motion is denied, with costs and disbursements payable to plaintiff.

Plaintiff and defendants entered into a contract for the sale of a delicatessen business. Defendants made a down payment of $5,500, representing 10% of the purchase price of $55,000 and agreed to pay monthly installments to plaintiff of $666.67 plus interest at the annual rate of 10%. This agreement was evidenced by 60 promissory notes. Default of any monthly installment gave plaintiff the option of accelerating all remaining notes.

As part of this May 4, 1989 contract a rider was attached which set forth four conditions among which one provided that: "Purchaser has right to cancel this contract if Landlord does not extend lease referred to in paragraph 11 for at least six months." The lease was due to expire on May 31, 1994.

On May 15, 1989, the parties met and closed title on the purchase of the deli. At the closing all the parties entered into an agreement which provided the following:

"Seller represents that the landlord of the lease covering the above store has in fact consented to a two-year extension of the lease at terms acceptable to purchaser (est. at $2,300.00 per month for period June 1, 1994 to May 31, 1995 and then $2,550.00 per month for period June 1, 1995 to May 31, 1996.)

"Seller obligates himself to obtain the extension of lease and deliver same to purchaser by June 15, 1989.

"In the event seller is not able to obtain the extension by September 1, 1989 the price shall be reduced by obtaining the last 15 notes."

Thereafter, defendants moved into the premises and began conducting the deli business. They made timely payment of the first nine promissory notes which included the February 15, 1990 note and continued to pay rent to the landlord through January 1, 1990.

The lease extension was apparently not delivered to defendants as promised by June 15, 1989. On November 2, 1989, defendants' attorney sent a letter to plaintiff's attorney advising that no written extension of the lease was received and demanding return of the last 15 notes, pursuant to the agreement at the closing. On December 1, 1989, defendants sent another letter demanding return of the last 15 notes and apparently made yet another demand in January, 1990.

Plaintiff maintains that there was some confusion about the written extension of the lease and that he believed that the landlord had delivered it to the defendants.

On February 23, 1990, defendants sent a letter to plaintiff advising him that the contract was null and void, and that

defendants were exercising the option in the May 4, 1989 rider to the contract of sale to cancel due to plaintiff's failure to extend the lease. They sought the return of the prior payments made from June 15, 1989 through January 15, 1990. Defendants also enclosed the keys to the premises.

Thereafter this action was commenced for the payment of the remaining 51 promissory notes which were personally guaranteed by defendants.

The IAS Court, *inter alia,* granted that branch of defendants' motion seeking dismissal of the plaintiff's action.

The construction, relationship and effectiveness of the May 4, 1989 rider as compared to the May 15, 1989 agreement are the issues upon which this appeal turns. To determine whether a disputed claim has been discharged with finality so that no action may be brought upon it, but only upon a later agreement, the question is whether the subsequent agreement, whatever it may be, and in whatever form it takes, as a matter of intention, expressed or implied, was a substitution for the prior agreement *(Goldbard v Empire State Mut. Life Ins. Co.,* 5 AD2d 230, 233).

Since the May 15, 1989 agreement at the closing did not expressly note that it was intended to supersede the May 4, 1989 rider, the intentions and actions of the parties must be analyzed. It must first be noted that, contrary to defendants' argument, the May 15 agreement cannot be "construed in harmony" with the May 4, 1989 rider *(Matter of Intercontinental Packaging Co. v China Natl. Cereals, Oils & Foodstuffs Import & Export Corp.,* 159 AD2d 190, 195). Indeed, the two agreements provided two different remedies which cannot be construed in harmony. The pre-closing May 4, 1989 rider provided defendants with the remedy of cancelling the purchase agreement if the landlord does not extend the lease for at least six months. The May 15, 1989 agreement, on the other hand, entered into on the day of the closing, provided that the defendants had the remedy of a lower purchase price (by 15 notes) if plaintiff was unable to obtain the two year extension to which he had obligated himself. To add a contract term allowing defendants to choose the remedy they prefer would be tantamount to rewriting the contract.

It is clear, therefore, that the parties intended to enter the May 4, 1989 rider to give defendants the option to cancel the contract and *not to proceed with the closing.* However, once the closing took place, the May 4, 1989 rider no longer controlled and the new May 15, 1989 agreement superceded it.

The fact that the parties went through with the closing and thereafter the defendants took possession of the premises, paid rent, paid the notes, and engaged in the deli business, is further evidence that the defendants-purchasers had no intention, at the time of the execution of the May 15, 1989 agreement, of retaining the right to cancel the contract of sale.

Indeed, the May 15, 1989 agreement was entered into because the contract of sale, with its rider, was no longer in force once the parties had completed the transaction (cf., *Matter of Intercontinental Packaging Co. v China Natl. Cereals, Oils & Foodstuffs Import & Export Corp., supra).*

Accordingly, the IAS Court improperly granted defendants' motion for summary judgment and we reverse and remand for further proceedings since there are questions of fact which preclude a grant of summary judgment in plaintiff's favor. Among others, an issue exists concerning whether defendants were entitled to return of the last 15 notes pursuant to the agreement under the circumstances herein. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Kassal, JJ.