■ In the Matter of KENNETH S. GUTTENPLAN. (Proceeding No. 1.) In the Matter of MARIA KULYCKA et al., Respondents. DARIA G. BEREZOWSKY, Appellant. (Proceeding No. 2.) [634 NYS2d 702] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about June 15, 1994 (Proceeding No. 2), which denied the respondent-appellant's motion for summary judgment dismissing the petition to set aside certain compromise agreements, entered into by petitioners in settlement of a prior petition brought to impose a constructive trust

upon proceeds received by certain individuals under the Last Will and Testament of Leo Maschak, unanimously reversed, on the law, respondent-appellant's motion is granted and the petition dismissed, without costs.

Petitioners-respondents commenced the proceeding in question to vacate a compromise agreement entered into in settlement of an earlier petition brought to impose a constructive trust on the beneficiaries' proceeds received under the will of Leo Maschak, the deceased brother of the petitioners-respondents. The will, executed in 1966 while the petitioners still resided in the former Soviet Union, bequeathed substantially all of the decedent's estate to his cousins, respondent-appellant Daria Genyk Berezowsky and Wolodymyr Masczak. The testator died in 1985 and on or about December 4, 1985, the petitioners-respondents, who had since emigrated to the United States, filed a claim against the estate seeking to impress a constructive trust upon it for their benefit. Their petition alleged that the testator and the two beneficiaries agreed that said beneficiaries would hold the estate assets for the benefit of the testator's sisters, since at the time of the will's execution the sisters could not receive the estate directly as it would have been confiscated by the Soviet government. During the pendency of those proceedings, one of the sisters, Maria Kulycka, discovered that she was terminally ill and assigned her claim to Olha Kowalyshyn. Ms. Kulycka has since died.

Settlement negotiations commenced in August 1986 and, on February 1987, a settlement agreement was executed pursuant to which the petitioners were to receive some of the testator's personal property and an amount of cash in exchange for the release of all claims set out in their petition. Accordingly, the petition was dismissed with prejudice. Petitioners-respondents do not dispute that Olha Kowalyshyn received a substantial portion of the money due her under the settlement agreement and has retained it. In November 1989, petitioners apparently sent a letter to the Surrogate concerning the circumstances under which the settlement agreement was executed. However, the current petition to vacate the settlement agreement is dated October 25, 1990 and was filed after the former attorney for the sisters, Kenneth S. Guttenplan, filed an application to recover his fee as part of the 1987 settlement. The main allegation in the petition to vacate the settlement agreement is that the sisters acquiesced to the settlement and executed it under duress, specifically a threat of deportation.

The law is well settled that stipulations of settlement are judicially favored and may not lightly be set aside (*Matter of*

*Kanter*, 209 AD2d 365; *Daniel v Long Is. Univ.*, 184 AD2d 350, 352). In general, repudiation of an agreement on the ground that it was procured by duress requires a showing of both a wrongful threat and the effect of precluding the exercise of free will (*Kranitz v Strober Org.*, 181 AD2d 441). An agreement procured under duress, such as a threat of criminal prosecution, which is similar to the alleged threat of deportation involved here, must be promptly disaffirmed or otherwise be deemed to have been ratified (*Kranitz v Strober Org., supra*; *Bethlehem Steel Corp. v Solow*, 63 AD2d 611, 612). However, it has been stated that where, during the period of acquiescence or at the time of the alleged ratification, the disaffirming party is still under the same continuing duress he or she has no obligation to repudiate until the duress has ceased (*Sosnoff v Carter*, 165 AD2d 486, 492; *see generally, Austin Instrument v Loral Corp.*, 29 NY2d 124, 130).

In this case, petitioners-respondents failed to take any action toward repudiation of the agreement for over two years after its execution. During that period of time, the surviving sister accepted a substantial portion of the benefits of the settlement. Upon our search of the record on this motion for summary judgment (*Brooks v City of New York*, 212 AD2d 435), we find that petitioners-respondents failed to raise any triable issues as to whether the alleged duress continued during the period between execution of the settlement agreement and repudiation. In the absence of any triable issues, summary judgment should have been granted to the respondent-appellant (*Andre v Pomeroy*, 35 NY2d 361, 364). Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.