■ HARRY STEINMAN, Appellant, v 319 WEST 48TH STREET REALTY CORP., Respondent. [715 NYS2d 1] —Order, Supreme Court, New York County (Paula Omansky, J.), entered May 7, 1999, which, in an action for conversion, assault and wrongful eviction, granted defendant landlord's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's wrongful eviction claim was properly dismissed in view of the parties' stipulation settling a prior summary nonpayment proceeding in which plaintiff agreed to vacate the premises in exchange for defendant's waiver of rent arrears. Plaintiff's claim that his attorney forced him to sign the stipulation, and that the stipulation should therefore be vacated as the product of duress, is unsupported by any evidence of "a wrongful threat * * * precluding the exercise of free will" (*Matter of Guttenplan,* 222 AD2d 255, 257, *lv denied* 88 NY2d 812), and therefore without merit. The assault claim, which the complaint bases on an alleged incident that took place almost three years before, was properly dismissed as barred by the one-year Statute of Limitations (CPLR 215 [3]). To the extent that any additional assaults alleged in plaintiff's opposition papers would not be time-barred, plaintiff's bare conclusory assertion thereof is insufficient to raise a bona fide issue of fact as to their occurrence. Plaintiff's conversion claim, based on the loss of travelers' checks, fails for the same reason. He cannot remember when or where he purchased the checks, and the bank claimed to have issued the checks has represented that it has no record thereof. Concur—Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.