■ WUJIN NANXIASHU SECANT FACTORY, Respondent, v TI-WELL INTERNATIONAL CORPORATION, Appellant, et al., Defendant. [788 NYS2d 78]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 20, 2003, which, to the extent appealed from, upon reargument, granted plaintiff's motion for partial summary judgment against corporate defendant Ti-Well International on the first cause of action and awarded damages in the principal sum of $523,823.93, unanimously affirmed, without costs.

Ti-Well improperly argues, for the first time on appeal, that partial summary judgment was granted on breach of contract on the basis of extensive new factual evidence and new legal arguments allegedly submitted by plaintiff on reargument (see generally Parra v 167 Allison Meat Corp., 7 AD3d 451 [2004]). We find that plaintiff's evidentiary submissions were largely proper, most having previously been submitted on its initial summary judgment motion, and its legal arguments were entirely consistent with that prior motion.

Ti-Well has failed to raise a triable issue of fact regarding its purported duress defense to the note and agreement. Repudiation of an agreement on the ground that it was procured under duress requires the showing of a wrongful threat and the preclusion of the exercise of free will (Matter of Guttenplan, 222 AD2d 255, 256-257 [1995], lv denied 88 NY2d 812 [1996]). Although the note and agreement were executed in China, at a time when the Chinese court had issued an order denying permission to the individual defendant (Ti-Well's sole officer and shareholder, and a Chinese citizen) to leave the country, no evidence was offered to raise a triable issue as to that order's unlawful or improper issuance (see Austin Instrument v Loral Corp., 29 NY2d 124, 130 [1971]). The threatened exercise of a legal right is not evidence of duress (Wall St. Clearing Co. v Ainbinder, 212 AD2d 488 [1995]; see also Fred Ehrlich, P.C. v Tullo, 274 AD2d 303 [2000]).

Furthermore, an agreement purportedly procured under duress must be promptly repudiated (*Matter of Guttenplan, supra*, 222 AD2d at 257; *Kranitz v Strober Org.*, 181 AD2d 441 [1992]). Here, not only did defendants not repudiate the note and agreement, but a $50,000 partial payment was made, and Juntai Li wrote a letter to plaintiff in February 2000, apologizing for the monetary difficulty he had caused plaintiff, promising to pay off the debt, and thus ratifying the note and agreement he claims to have executed under duress. We also reject the assertion of continuing duress during the performance of these acts based on Juntai Li's father being left behind in China. Not only did Juntai Li testify that he was not under duress when he wrote the letter, but he offered no evidence from which a triable issue of fact could be inferred regarding any duress in connection with his father.

We reject Ti-Well's argument that the note lacked consideration. It is uncontested that the note was given in exchange for the satisfaction of an antecedent debt owed to a third party, which that party in turn owed to plaintiff for the same transaction. Plaintiff agreed to accept the note and release the third party. This is sufficient consideration for the note (UCC 3-408).

We also reject Ti-Well's argument that this third party failed to mitigate damages by continuing to ship goods defendants had ordered, even after a "stop order" had been sent. Defendants' agreement with the third party did not permit any such "stop order." In any event, any such defenses were waived when the note for a sum certain was executed without reservation.

Ti-Well's remaining contentions are unavailing. Concur— Tom, J.P., Andrias, Saxe, Friedman and Gonzalez, JJ.