■ WUJIN NANXIASHU SECANT FACTORY, Appellant, v TI-WELL INTERNATIONAL CORPORATION, Defendant, and JUNTAI LI, Respondent. [802 NYS2d 411]—

Judgment, Supreme Court, New York County (Marcy S. Friedman, J.), entered March 21, 2005, which dismissed the action against the individual defendant Juntai Li, unanimously reversed, on the law, without costs, and judgment entered against said defendant in the amount of $523,823.93, with interest allowable by law. The Clerk is directed to enter an amended judgment accordingly. Appeal from order, same court and Justice, entered June 23, 2004, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant Ti-Well International Corporation (Ti-Well) is a New York corporation in the business of importing fabric. Defendant Juntai Li (Li) is a Chinese citizen and United States resident. He is also the sole shareholder of Ti-Well, and its only director, officer and employee. In March 1998, Ti-Well entered into a contract with Qingdao First Textile Company (Qingdao). Qingdao agreed to manufacture and export, and Ti-Well agreed to import, 1.5 million meters of corduroy fabric for $1.65 million. Plaintiff Wujin Nanxiashu Secant Factory (Wujin) is a garment manufacturer located in the People's Republic of China who contracted to supply the fabric to Qingdao. Through Qingdao, Wujin delivered the fabric to Ti-Well. However, Ti-Well failed to pay Qingdao, who then defaulted by not paying Wujin.

After negotiation regarding the outstanding debt, two additional contracts were drafted. The first was executed on October 29, 1999 and is referred to as "the Note." It is a handwritten one page document in which Li agreed to make five installment payments to Wujin of specified amounts between December 1999 and March 2001. The Note is signed by Li, guaranteed by Li's father and it does not mention Ti-Well. The second contract is dated November 11, 1999 and is referred to as the "Agreement." It is a two-page document which states, inter alia, that Ti-Well/Li would assume responsibility for Qingdao's debt to Wujin. The sums pledged under the Note include Qingdao's antecedent debt.

Plaintiff brought this action against Ti-Well and Li alleging breach of the Note and the Agreement. Plaintiff successfully moved for summary judgment against the corporate defendant, Ti-Well. That order did not address plaintiff's claims against Li individually. On a prior appeal, this Court affirmed the grant of summary judgment against Ti-Well (14 AD3d 352 [2005]). As relevant here, we expressly held that the Note was a valid contract, and that the consideration supporting it was the assumption of Qingdao's debt to Wujin (14 AD3d at 353). Thus, the fact that the Note was drafted before plaintiff assumed Qingdao's rights against Ti-Well pursuant to the Agreement is not relevant.

The prior appeal also rejected a claim that the Note and Agreement were procured by duress, stating: "Repudiation of an agreement on the ground that it was procured under duress requires the showing of a wrongful threat and the preclusion of the exercise of free will . . . . Although the [N]ote and [A]greement were executed in China, at a time when the Chinese court had issued an order denying permission to [Li] to leave the country, no evidence was offered to raise a triable issue as to that order's unlawful or improper issuance . . . . The threatened exercise of a legal right is not evidence of duress . . ." (14 AD3d at 352 [citations omitted]).

A bench trial on the claims against Li individually ensued. At that trial, Li testified that all of the original transactions regarding the fabric were done by Ti-Well and not by him personally. Li stated that he drafted the Note by copying a form, and that he signed it without any designation of representative status because he was coerced to do so. He testified that he was threatened that he would not be able to leave China if the document was not executed and guaranteed, and that only because of this threat did he execute and obtain his father's guarantee for the Note. Plaintiff presented the testimony of its chairman

of the board Xu Fuxing.* Xu stated that at all times Li took personal responsibility for the debt, and that Li had promised Xu that he would repay it. The court concluded that the Note and Agreement were signed under circumstances that were inherently coercive, and that plaintiff knew or had reason to know that Li did not intend to be individually liable for the corporate debt. The court dismissed the action against Li. It is this order which is the subject of this appeal. We reverse.

The Note was signed by Li, the sole shareholder, director, officer and employee of Ti-Well, and it made no mention of Ti-Well. In the Note, Li promised unconditional payment of a sum certain. As such, the document is governed by the rules of interpretation applicable to negotiable instruments signed by authorized representatives. Uniform Commercial Code § 3-403 (2) provides:

"An authorized representative who signs his own name to an instrument

"(a) is personally obligated *if the instrument neither names the representative represented nor shows that the person signed in a representative capacity*;

"(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity." (Emphasis supplied.)

Because the face of the Note does not "put its holder on notice of the limited liability of [the] signer," extrinsic evidence is impermissible regarding the circumstances surrounding Li's signature (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 228 [1978]). Accordingly, it was improper for the court to have allowed the admission of parol evidence on this issue. In addition, our prior order precludes a second inquiry by the trial court as to whether the Note was procured by duress.

Finally, the Agreement itself binds both Ti-Well and Li, and it does not indicate that Li is named as an agent of Ti-Well. Nor is there any evidence to show that this document superseded Li's obligation under the Note (*see Sheehy v Andreotti*, 199 AD2d 148, 150-151 [1993]; *Matter of Intercontinental Packaging Co. v China Natl. Cereals, Oils & Foodstuffs Import & Export Corp., Shanghai Foodstuffs Branch*, 159 AD2d 190 [1990]). Settled rules governing the interpretation of contracts provide that

---

* This witness is referred to as Mr. Xu throughout the trial transcript.

when two or more entities take on an obligation, here Ti-Well and Li, they do so jointly, and that words of severance are necessary to overcome this primary presumption (*Alexander v Wheeler*, 64 AD2d 837 [1978]; *Donzella v New York State Thruway Auth.*, 7 AD2d 771, 772 [1958]). As such, Li is personally liable under both the Note and the Agreement.

Accordingly, we reverse the order appealed, and enter judgment against defendant Li personally, for the full amount of the outstanding debt. Concur—Mazzarelli, J.P., Andrias, Friedman, Gonzalez and Catterson, JJ.