■ FRED A. LATTANZIO et al., Respondents, v NICHOLAS LATTANZIO et al., Appellants, et al., Defendant. (And a Third-Party Action.) [866 NYS2d 151]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered November 27, 2006, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on the eight and ninth causes of action and denied the cross motion of defendants Nicholas Lattanzio and Live Oak Capital, LLC for summary judgment dismissing the first, fourth, eighth, and ninth causes of action and their motion for leave to further amend the answer, unanimously affirmed, with costs.

The motion court did not improperly deny leave to defendants to further amend their answer, because "the factual basis of the proposed amended answer was known at the time of the original answer" (*Birdsall v City of New York*, 60 AD2d 522, 522

[1977]) in December 2004. Furthermore, defendants, in their first motion to amend in February 2006, had not made the, change sought in their second motion, and they did not move to delete certain affirmative defenses until June 22, 2006, two days after plaintiffs had moved for summary judgment in reliance on one of those affirmative defenses (*see Hanford v Plaza Packaging Corp.*, 284 AD2d 179, 180 [2001]). Plaintiffs demonstrated that they would be prejudiced if leave to further amend were granted because discovery had been closed (*see e.g. Moon v Clear Channel Communications*, 307 AD2d 628, 630 [2003]). Defendants' excuse for their delay was not reasonable (*see id.*).

The court correctly granted summary judgment to plaintiffs on their breach of contract claims against Nicholas Lattanzio. Paragraph 68 of the answer states, "At all times during the communications between plaintiff Fred Lattanzio and defendant Nicholas Lattanzio, Nicholas Lattanzio expressly stated that the subject loan sought by him from the plaintiff was a personal one and that Nicholas Lattanzio individually would be solely responsible for the payment of the loan." Defendants seek to create issues of fact by relying on events that happened after plaintiff Michael Ambrose provided the funds. However, the relevant issue is the contract that Nicholas Lattanzio and Fred Lattanzio agreed on.

The court properly denied Live Oak's motion for summary judgment dismissing the claims against it. Fred Lattanzio testified at his deposition that he understood the borrower to be the group that was acquiring an investment company. Although he did not know it, Live Oak was part of that group. Therefore, a jury could find that Live Oak was responsible for repaying the loan (*see e.g. Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp.*, 22 AD3d 308, 311 [2005], *lv denied* 7 NY3d 703 [2006]; 9 Corbin on Contracts § 52.5, at 293 [rev ed]). Concur—Lippman, P.J., Saxe, Friedman, Sweeny and Acosta, JJ. [*See* 13 Misc 3d 1241(A), 2006 NY Slip Op 52209(U).]