■ EUGENE CHARLOP, Respondent, v A.O. SMITH WATER PRODUCTS et al., Defendants, and KOHLER Co., Appellant. [884 NYS2d 1]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about May 20, 2008, which conditionally granted plaintiff's motion to vacate defendant Kohler's "no opposition summary judgment" motion on the ground that the summary judgment motion was inadvertently signed by plaintiff's counsel, unanimously reversed, on the law, without costs and the motion denied.

The power of a trial court to exercise supervisory control over all phases of an action or proceeding has long been recognized, including the discretionary authority to relieve a party from the consequences of a stipulation effected during litigation (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 54 [1979]). In this case alleging asbestos-related mesothelioma, the court improvidently exercised its discretion in granting the motion to vacate.

Stipulations of settlement are judicially favored and should not be lightly cast aside (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Matter of Kanter*, 209 AD2d 365 [1994]). Thus, a party will not be relieved from the consequences of a stipulation unless there was sufficient cause to invalidate it, such as fraud, mistake, collusion, accident, or some other ground (*see Hallock*, 64 NY2d at 230; *Daniel v Long Is. Univ.*, 184 AD2d 350, 352 [1992]). The party seeking to vacate the stipulation should do so with reasonable promptness under the circumstances (*see Hallock*, 64 NY2d at 231 [parties bound by a stipulation where they voiced no objection for two months following the execution of a stipulation]).

In *Structured Asset Sales Group LLC v Freeman* (45 AD3d 327 [2007]), the parties mutually decided to discontinue the action. The plaintiff received the proposed stipulation—which stated on its face that the discontinuance was "with prejudice"—and held onto it for two months before executing it (*id.* at 328). The plaintiff then sought to set aside the stipulation, a request which was denied by Supreme Court. This Court upheld the dismissal of the action (*id.*).

The particular facts of the instant case, including the length

of the time before the request to vacate the stipulation was made, require adherence to the holding of *Structured Asset Sales Group LLC* and mandate dismissal. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.