Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC (2020 NY Slip Op 01709)





Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC


2020 NY Slip Op 01709


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


11258N 651657/17

[*1] Atlas MF Mezzanine Borrower, LLC, Plaintiff-Appellant,
v
Macquarie Texas Loan Holder LLC, et al., Defendants-Respondents,


Meister Seelig & Fein LLP, New York (Stephen B. Meister of
counsel), for appellant.
Dechert LLP, New York (Gary J. Mennitt of counsel), for Macquarie Texas Loan Holder LLC, respondent.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Andrew J. Rossman of counsel), for KKR Repa AIV-2, L.P, and KRE LRP Osprey Venture LLC, respondents.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered October 9, 2019, which, based on the so-ordered transcript dated October 8, 2019, to the extent appealed from as limited by the briefs, denied plaintiff's motions for leave to amend the complaint against all defendants and for a preliminary injunction against defendants KKR REPA AIV-2, L.P. and KRE LRP Osprey Venture LLC, unanimously affirmed, with costs.
The Supreme Court did not abuse its discretion in denying leave to amend the first amended complaint, particularly where plaintiff acknowledged that it could have sought, but strategically chose not to seek, leave sooner (CPLR 3025[b]; see e.g. MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). The additional allegations against defendant Macquarie Texas Loan Holder LLC (Macquarie) supplement claims this Court already deemed sufficiently pleaded (Atlas MF Mezzanine Borrower, LLC v Macquarie Tex. Loan Holder LLC, 174 AD3d 150 [1st Dept 2019]), and those further allegations would prejudice Macquarie at this late stage, when discovery has closed, trial was scheduled to commence, and Macquarie's summary judgment motion to dismiss the claims was pending (see e.g. Lattanzio v Lattanzio, 55 AD3d 431, 431-432 [1st Dept 2008]).
All claims against defendants KKR REPA AIV-2, L.P. and KRE LRP Osprey Venture LLC. (collectively KKR) were previously dismissed. KKR would be prejudiced by the post-discovery addition of new claims against them, which plaintiff could have pleaded sooner. Moreover, the proposed tortious interference claims against KKR were palpably insufficient, as plaintiff no longer seeks to plead breach of contract claims against Macquarie (White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426 [2007]; AREP Fifty-Seventh, LLC v PMGP Assoc., L.P., 115 AD3d 402, 402 [1st Dept 2014]). This Court dismissed the underlying breach of contract claim against Macquarie on the prior appeal, and dismissed the tortious interference claim because there was no viable breach of contract claim (Atlas MF Mezzanine Borrower, LLC at 166). Plaintiff does not appeal from the motion court's denial of leave to replead or newly allege any breach of contract claim.
The Supreme Court providently exercised its discretion in denying plaintiff's motion for a preliminary injunction. Plaintiff failed to show that it would suffer irreparable harm from the sale of any of the underlying properties (UAH-Mayfair Mgt. Group LLC v Clark, 177 AD3d 572, 573 [1st Dept 2019]). KKR submitted documentation assuring that it would be able to pay any judgment that may arise from the instant action, notwithstanding the sale of any properties during the pendency of the suit or appeal. Plaintiff does not need an amendment to contest the [*2]reasonableness of attorneys' fees.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK