Robb v Robb (2022 NY Slip Op 03089)





Robb v Robb


2022 NY Slip Op 03089


Decided on May 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2022

Before: Webber, J.P., Singh, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 950000/19 Appeal No. 15902 Case No. 2022-00191 

[*1]Kathryn Robb, Plaintiff-Respondent,
v
George Robb, Defendant-Appellant.


Fullerton Beck, LLP, White Plains (Edward J. Guardaro, Jr., of counsel), for appellant.
Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for respondent.



Order, New York County (Deborah A. Kaplan, J.), entered December 6, 2021, which granted plaintiff's motion for summary judgment on liability and denied defendant's motion for leave to amend, unanimously affirmed, without costs.
In this action commenced under the Child Victims Act (CVA) (CPLR 214-g), Supreme Court properly denied defendant's motion to amend his answer to assert the affirmative defenses of infancy and mental disease or defect. Plaintiff demonstrated that an amendment to the answer at this stage of the litigation, after discovery was concluded, would unfairly prejudice her (see Lattanzio v Lattanzio, 55 AD3d 431, 432 [1st Dept 2008]).
The proposed amendment was also insufficient on the merits. Defendant admitted to engaging in sexual acts with plaintiff until he was 15 years old. These facts undermine defendant's infancy defense, as a person who is at least 13 years old can be held criminally responsible for felony sexual abuse under the current Penal Law (Penal Law § 30.00[2]; see also §§ 130.50, 130.70). Additionally, defendant's expert's affirmation opining as to defendant's defense of mental disease or defect was conclusory and unsupported by any evidentiary foundation to either establish prima facie that defendant suffered from a mental defect or raise a triable issue of fact as to his condition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]).
Defendant's remaining contentions are either unavailing or academic in light of our determination.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022