Ancart v Crespo (2025 NY Slip Op 05760)

Ancart v Crespo

2025 NY Slip Op 05760

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 651303/23|Appeal No. 4994|Case No. 2025-01701|

[*1]Harold Ancart, Plaintiff-Respondent,
v
Emilien Crespo, Defendant-Appellant.

Ran Mukherjee, P.C., Brooklyn (Ran Mukherjee of counsel), for appellant.
Peyrot & Associates, P.C., New York (David van Leeuwen of counsel), for respondent.

Judgment, Supreme Court, New York County (Louis L. Nock, J.), entered February 26, 2025, in plaintiff's favor in the total amount of $722,480.61, and bringing up for review an order, same court and Justice, entered October 29, 2024, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, without costs.
Defendant does not dispute that plaintiff sustained his burden of showing entitlement to summary judgment in lieu of complaint. Instead, defendant seeks to avoid payment on the ground that the parties' agreement was procured through threats of violence and that he was coerced into signing it under duress. Defendant also contends that plaintiff exerted undue influence to induce him to enter the agreement.
Defendant did not raise any triable issues of fact regarding his defense of duress. A showing of duress requires both a wrongful threat and the preclusion of the exercise of free will, and defendant did not offer evidence sufficient to show either one (Wujin Nanxiashu Secant Factory v Ti-Well Intl. Corp., 14 AD3d 352, 352 [1st Dept 2005]). Although defendant asserts that plaintiff threatened him with violence if he did not sign the agreement, these assertions, without further evidentiary support, constitute nothing more than general allegations that do not constitute a defense on the ground of duress (Ishkhanian v Guekguezian, 158 AD2d 325, 326 [1st Dept 1990]). Furthermore, although a party must promptly repudiate an agreement that was purportedly obtained under duress, defendant waited more than one year to repudiate the parties' agreement (see Wujin Nanxiashu Secant Factory, 14 AD3d at 353; Kranitz v Strober Org., 181 AD2d 441, 441 [1st Dept 1992]).
Defendant also has not established that he entered the agreement upon the exercise of undue influence, as he does not explain how plaintiff forced him to act against his best interest or took advantage of him (see Matter of MacGuigan, 140 AD3d 625, 626 [1st Dept 2016]). Defendant's assertion that he and plaintiff were friends and had an employee-employer relationship does not suffice to establish a relationship of trust and confidence that would shift the burden to plaintiff to prove that the transaction was free from undue influence (see Kuriyan v Schreiber, 209 AD3d 406, 407 [1st Dept 2022], lv denied 39 NY3d 911 [2023]; Sepulveda v Aviles, 308 AD2d 1, 7 [1st Dept 2003]).
We reject defendant's assertion that the agreement was unconscionable, as he has not shown that the agreement was both procedurally and substantively unconscionable (see Gillman v Chase Manhattan Bank, 73 NY2d 1, 10 [1988]). Although defendant states that he is not a native English speaker, this fact, standing alone, does not form a sufficient basis to establish procedural unconscionability (cf. Matter of People v North Leasing Sys., Inc., 169 AD3d 527, 530 [1st Dept 2019] [language barrier may suffice to establish unconscionability when there is "limited fluency"]). Defendant also fails to establish substantive unconscionability, as he has not shown that the terms of the agreement were unreasonably favorable to plaintiff (see Gillman, 73 NY2d at 12). Contrary to defendant's assertion that no attorney would allow a client to sign an agreement in which the client admitted to making unauthorized payments, an admission of wrongdoing is not so rare that it rises to the level of unconscionability (see e.g. Matter of Mauser, 184 AD3d 223, 227-228 [1st Dept 2020]). In any event, the agreement itself states that the parties consulted with their attorneys regarding its terms.
Finally, in the absence of fraud or unconscionability, "the adequacy of consideration is not a proper subject for judicial scrutiny" (Robinson v Day, 103 AD3d 584, 586 [1st Dept 2013] [internal quotation marks, citation, and emphasis omitted]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025